# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CECIL ELKINS, JR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>Defendants. | Case No.  1:13-cv-01483-AWI-SAB<br><br>ORDER FOR FURTHER BRIEFING |

On October 7, 2013, Defendant California Highway Patrol ("CHP") filed a motion to dismiss.  (ECF No. 10.)  The motion was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b).  Upon further review of the moving and opposing papers, the Court finds that further briefing is necessary from the parties.

As an initial matter, the Court notes that an overwhelming number of courts have held that CHP is a state agency and is entitled to Eleventh Amendment immunity.  See Baker v. State of California Highway Patrol, No. C 13-00073 MEJ, 2013 WL 4427199, at *6 (N.D. Cal. Aug. 14, 2013); Vierria v. California Highway Patrol, 644 F. Supp. 2d 1219, 1238-39 (E.D. Cal. 2009); Guzman v. Van Demark, 651 F. Supp. 1180, 1183-84 (C.D. Cal. 1987).  There are at least two unpublished Ninth Circuit opinions that acknowledge that CHP is a state agency within the meaning of the Eleventh Amendment.  Keller v. California, 234 Fed. Appx. 699 (9th Cir. 2007);

1

1 Willis v. Fiddament, 230 Fed. Appx. 712, 713 (9th Cir. 2007).

2 Plaintiffs appear to challenge the characterization of CHP as a state agency for Eleventh Amendment purposes. However, the sole argument raised in their opposition is unpersuasive. Plaintiffs argue that "CHP is arguably not an arm of the state ... because the CHP officer was acting as a party of the Defendant TULARE COUNTY REGIONAL GANG ENFORCEMENT team and arguably a municipal corporation as alleged by Plaintiffs in their complaint." (Pls.' Opp'n to Def. CHP's Mot. to Dismiss ("Pls.' Opp'n") 4:13-17.) Plaintiffs do not cite any authority that suggests that actions by an individual CHP officer in participating with a municipal entity is relevant to a court's analysis in determining whether CHP is a state entity.

In determining whether an entity qualifies as a state agency for Eleventh Amendment purposes, the Court looks at five factors: 1) whether a money judgment would be satisfied out of state funds, 2) whether the entity performs central governmental functions, 3) whether the entity may sue or be sued, 4) whether the entity has the power to take property in its own name or only the name of the state, and 5) the corporate status of the entity. Durning v. Citibank, N.A., 950 F.2d 1419, 1423 (9th Cir. 1991) (quoting Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1988). Plaintiffs' argument does not implicate any of these five factors. Moreover, Plaintiffs' argument does not seem persuasive on its face, since Plaintiffs present no reason why a state entity should be denied its Eleventh Amendment immunity simply because individual members cooperate with local law enforcement officials in some matter. However, the Court will give Plaintiffs the opportunity to present persuasive authority that suggests that an individual CHP officer's participation with a municipal entity is relevant for determining whether CHP is a state agency.

On the other hand, CHP has not presented any arguments or evidence demonstrating how the five factors weigh in favor of the conclusion that CHP is a state agency for Eleventh Amendment purposes. Although CHP has cited other cases that have held that CHP is a state agency, none of those cases are binding on this Court. The factual findings made by those courts in determining that CHP is a state agency cannot be adopted in this action because Plaintiffs were not parties to those prior actions and giving those findings preclusive effect in this action

would deprive Plaintiffs of their fair day in court.  See Spector v. U.S., 193 F.2d 1002, 1006 (9th Cir. 1952) ("no principle of stare decisis or res judicata makes a finding of fact applicable to persons not parties to the action in which the finding is made.").  Accordingly, the Court will ask CHP to provide further briefing demonstrating how CHP is a state agency under the five factor test set forth in Durning.[1]

In light of the overwhelming number of cases that reached the conclusion that CHP is a state agency entitled to Eleventh Amendment immunity, the Court reminds Plaintiffs that Federal Rule of Civil Procedure 11(b) prohibits Plaintiffs from making arguments "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Specifically, to the extent that Plaintiffs contend that CHP is not a state agency, that contention must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that Plaintiffs' denial of CHP's contentions regarding its status as a state agency is "warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.  Plaintiffs have the absolute right to present a *colorable* argument that CHP is not a state agency.  However, the Court will not tolerate a challenge to CHP's assertion of its Eleventh Amendment immunity for the purpose of harassment, causing unnecessary delay or needlessly increasing the cost of litigation.[2]

///
///
///
///
///
///
///

---

[1] Moreover, to the extent that CHP provides extrinsic evidence in support of its briefing, CHP should provide legal authority that permits the Court to consider such extrinsic evidence at this stage in litigation.

[2] If Plaintiffs do not believe they can make a colorable argument that CHP is not a state agency, they may withdraw their opposition to the motion to dismiss and/or amend their complaint to avoid running afoul of Rule 11.

Based upon the foregoing, it is HEREBY ORDERED that the parties shall file simultaneous briefing in accordance with this order on or before Monday, November 18, 2013.

IT IS SO ORDERED.

Dated: **November 12, 2013**

UNITED STATES MAGISTRATE JUDGE