# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CECIL ELKINS, JR., et al., <br><br>Plaintiffs, <br><br>v. <br><br>CALIFORNIA HIGHWAY PATROL, et al., <br><br>Defendants. | Case No. 1:13-cv-01483-AWI-SAB <br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED <br><br>ECF NO. 10 <br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

On October 7, 2013, Defendant California Highway Patrol ("CHP") filed a motion to dismiss. The motion was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b).

Pursuant to Local Rule 540(d) and 230(g), the Court finds that this matter is appropriate for adjudication upon the record and brief on file and therefore vacates the hearing scheduled for November 20, 2013. For the reasons set forth below, the Court recommends that CHP's motion to dismiss be granted.

## I.

## BACKGROUND

Plaintiffs filed the complaint in this action on September 12, 2013. (ECF No. 1.) Plaintiffs named CHP, the County of Tulare, the Tulare County Sheriff's Department, the Tulare

1 County Regional Gang Enforcement Team, and the City of Pixley as defendants ("Defendants"). Plaintiffs' claims arise from an incident where Cecil Elkins, Jr. was shot in the back and killed by unknown law enforcement officials.

On October 7, 2013, CHP filed a motion to dismiss. (ECF No. 10.) CHP argues that it is entitled to dismissal because CHP is immune from suit as a state agency under the Eleventh Amendment. Plaintiffs filed an opposition on November 6, 2013. (ECF No. 16.)

On November 12, 2013, the Court ordered the parties to submit additional briefing in light of the arguments raised in the motion to dismiss and the opposition. The Court asked Plaintiffs for authority in support of its argument that CHP is not a state agency within the meaning of the Eleventh Amendment because individual CHP officers cooperated with local law enforcement agencies. The Court asked Defendants for additional facts in support of its contention that CHP is a state agency within the meaning of the Eleventh Amendment.

On November 15, 2013, Plaintiffs withdrew their opposition to CHP's motion to dismiss and sought leave to amend their complaint accordingly. (ECF No. 18.) On November 15, 2013, CHP provided additional briefing on the issue of Eleventh Amendment immunity. (ECF No. 19.)

## II.

## LEGAL STANDARDS FOR MOTIONS TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

# III.

# DISCUSSION

## A. CHP is Entitled to Eleventh Amendment Immunity

CHP contends Plaintiffs' claims against it must be dismissed because CHP is immune from suit under the Eleventh Amendment. The Ninth Circuit has characterized Eleventh Amendment immunity as an affirmative defense. ITSI T.V. Productions, Inc. v. Agricultural Associations, 3 F.3d 1289, 1291 (9th Cir. 1993) ("...we believe that Eleventh Amendment immunity, whatever its jurisdiction attributes, should be treated as an affirmative defense."). As such, the entity asserting the Eleventh Amendment "ought to bear the burden of proving the facts that establish its immunity under the Eleventh Amendment." Id. at 1292.

The Eleventh Amendment bars suit in federal court against a state or the "arm of a state." Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991). However, Eleventh Amendment immunity does not apply to all state-created or state-managed entities. Id. at 1423. The immunity may not apply if the entity "is organized or managed in such a way that it does not qualify as an arm of the state," if the state affirmatively waives sovereign immunity, or if Congress expressly abrogates state sovereign immunity in fields of federal regulations in which the states voluntarily choose to participate. Id. In determining whether an entity qualifies as a state agency for Eleventh Amendment purposes, the Court looks at five factors: 1) whether a money judgment would be satisfied out of state funds, 2) whether the entity performs central governmental functions, 3) whether the entity may sue or be sued, 4) whether the entity has the power to take property in its own name or only the name of the state, and 5) the corporate status of the entity. Id. (quoting Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1988). In assessing these factors, the court looks to the way state law treats the entity. Id. (quoting Mitchell, 861 F.2d at 201).

CHP cites various provisions of California law that demonstrate that a money judgment against CHP would be satisfied out of state funds, that CHP performs central governmental functions, that CHP can sue or be sued, that CHP can own property and that CHP is a department of the state. Based upon Plaintiff's withdrawal of their opposition to the motion to dismiss,

3

1 Plaintiff does not challenge CHP's characterization of itself as a state agency. Accordingly, the
2 Court finds that CHP is a state agency entitled to Eleventh Amendment immunity. See Baker v.
3 State of California Highway Patrol, No. C 13-00073 MEJ, 2013 WL 4427199, at *6 (N.D. Cal.
4 Aug. 14, 2013) (holding that CHP is entitled to Eleventh Amendment immunity); Vierria v.
5 California Highway Patrol, 644 F. Supp. 2d 1219, 1238-39 (E.D. Cal. 2009) (same); Guzman v.
6 Van Demark, 651 F. Supp. 1180, 1183-84 (C.D. Cal. 1987) (same).

7      **B.    Leave to Amend**

8 Plaintiffs seek leave of Court to amend their complaint. However, Plaintiffs do not
9 describe the reasons for amending their complaint. Accordingly, the Court will recommend that
10 Plaintiffs' request for leave to amend be denied without prejudice to their ability to request leave
11 to amend via a noticed motion that describes the basis for their request to amend. Otherwise, this
12 action will proceed solely on Plaintiff's remaining claims in the original complaint against the
13 County of Tulare, the Tulare County Sheriff's Department, the Tulare County Regional Gang
14 Enforcement Team, and the City of Pixley.

15 **IV.**

16 **CONCLUSION AND RECOMMENDATION**

17 Based upon the foregoing, the Court finds that CHP is a state agency entitled to Eleventh
18 Amendment immunity. Accordingly, it is HEREBY RECOMMENDED that CHP's motion to
19 dismiss be GRANTED, that the California Highway Patrol be DISMISSED from this action, and
20 that this action proceed solely on Plaintiff's remaining claims against the County of Tulare, the
21 Tulare County Sheriff's Department, the Tulare County Regional Gang Enforcement Team, and
22 the City of Pixley.

23 Moreover, pursuant to Local Rule 540(d) and 230(g), the Court finds that this matter is
24 appropriate for adjudication upon the record and brief on file. Accordingly, it is HEREBY
25 ORDERED that the hearing scheduled for November 20, 2013 is VACATED.

26 These Findings and Recommendations are submitted to the United States District Judge
27 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the
28 Local Rules of Practice for the United States District Court, Eastern District of California.

Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 18, 2013**

UNITED STATES MAGISTRATE JUDGE