# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CECIL ELKINS, JR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA HIGHWAY PATROL, et al, <br><br> Defendants. | Case No. 1:13-cv-01483-AWI-SAB <br><br> FINDINGS AND RECOMMENDATION RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE PARTIALLY GRANTED <br><br> ECF NO. 41 <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On July 3, 2014, Defendant Hipolito Pelayo filed a motion to dismiss. (ECF No. 41.) The motion to dismiss was referred to the undersigned magistrate judge for Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72. (ECF No. 42.)

The hearing on the motion to dismiss took place on October 1, 2014. Neli Palma and Peter Meshot appeared telephonically on behalf of Defendants. Nichelle Jones appeared telephonically on behalf of Plaintiffs. For the reasons set forth below, the Court recommends that the motion to dismiss be partially granted.

/ / /

/ / /

/ / /

1

# I.

# BACKGROUND

This action was filed on September 12, 2013. (ECF No. 1.) The operative complaint is the First Amended Complaint filed on May 6, 2014. (ECF No. 35.) Plaintiffs claims arise from an incident alleged to have occurred on November 13, 2012 in the City of Pixley. Plaintiffs allege that law enforcement officers shot and killed Cecil Elkins, Jr. ("the Decedent") while attempting to arrest him.

Plaintiffs allege that Defendant Pelayo and several "Doe" officers from the California Highway Patrol, Tulare County Sheriff's Department, the Tulare County Regional Gang Enforcement Team, the Department of Justice Central Valley Gang Task Force and the Tulare Police Department pursued the Decedent on foot. Plaintiffs further allege that the Decedent was shot in the back by Defendant Pelayo despite the fact that the Decedent was unarmed and posed no reasonable threat to anybody.

# II.

# LEGAL STANDARDS FOR MOTIONS TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

///

///

///

## III.

## DISCUSSION

Defendant Pelayo raises five arguments in his motion to dismiss. First, Pelayo argues that Plaintiffs failed to allege compliance with the presentation requirements of the Government Claims Act. Second, Pelayo argues that Plaintiffs Tina Terrel and Cecil Elkins cannot recover on a wrongful death claim. Third, Pelayo argues that Cecil Elkin's claim for negligent infliction of emotional distress fails because he is not alleged to have witnessed the shooting. Fourth, Pelayo argues that he cannot be liable for negligent hiring, training or supervision. Fifth, Pelayo argues that Plaintiffs state no cognizable claim under the Vane Act.

### A. Compliance with California's Claims Presentation Requirements

Defendant Pelayo argues that Plaintiffs fail to allege that they complied with the Government Claims Act, California Government Code § 945.4, by filing a timely administrative claim prior to filing this action. "As a prerequisite for filing suit for 'money or damages' against a public entity, the California Government Claim Act requires presentation of a claim to the public entity." General Sec. Services Corp. v. County of Fresno, 815 F. Supp. 2d 1123, 1131 (E.D. Cal. 2011); see also Cal. Gov't Code § 945.4. "A plaintiff must allege facts demonstrating either compliance with the Government Tort Claims Act requirement or an excuse for noncompliance as an essential element of the cause of action. [Citation.] Failure to allege compliance or an excuse for noncompliance constitutes a failure to state a cause of action and results in a dismissal of such claims." D.K. ex rel. G.M. v. Solano County Office of Educ., 667 F. Supp. 2d 1184, 1195 (E.D. Cal. 2009) (citing State of California v. Superior Court, 32 Cal. 4th 1234, 1243-44 (2004)).

Plaintiffs contend that they complied with the claims presentation requirements, but it appears that they have not pled such compliance in their complaint. Accordingly, the Court will recommend that Plaintiffs' claims be dismissed with leave to amend to plead such compliance.

### B. Wrongful Death Claims Brought by Plaintiffs Tina Terrel and Cecil Elkins

Defendant Pelayo argues that Plaintiffs Tina Terrel and Cecil Elkins lack standing to bring a claim for the wrongful death of their son.

3

Plaintiffs argue that Tina Terrel and Cecil Elkins have standing because they were financially dependent upon the Decedent. "Regardless of their status as heirs, parents may sue for the wrongful death of their child 'if they were dependent on the decedent.'" Chavez v. Carpenter, 91 Cal. App. 4th 1433, 1445 (2001) (citing California Code Civ. Proc. § 377.60(b)). However, the First Amended Complaint only vaguely alleges that Tina Terrel and Cecil Elkins are "heirs" who sustained economic damages as a result of the death of the Decedent. This vague allegation is insufficient to support the conclusion that Tina Terrel and Cecil Elkins were financially dependent upon the Decedent. Accordingly, the Court recommends that this claim be dismissed, but with leave to amend to include sufficient factual allegations to support the conclusion that Tina Terrel and Cecil Elkins were financially dependent upon the Decedent.

**C.     Cecil Elkins Claim for Negligent Infliction of Emotional Distress**

Defendant Pelayo argues that Plaintiff Cecil Elkins' claim for negligent infliction of emotional distress fails because he was not present when the Decedent was shot and killed.

Negligent infliction of emotion distress is one form of the tort of negligence, with the same elements of duty, breach of duty, causation, and damages. Burgess v. Superior Court, 2 Cal. 4th 1064, 1072 (1992). California law recognizes negligence claims on a "bystander" theory of liability:

> The "bystander" cases ... address "question of duty in circumstances in which a plaintiff seeks to recover damages as a percipient witness to the injury of another." [Citation.] These cases "all arise in the context of physical injury or emotional distress caused by the negligent conduct of a defendant *with whom the plaintiff had no preexisting relationship, and to whom the defendant had not previously assumed a duty of care beyond that owed to the public in general.*" [Citation.] In other words, bystander liability is premised upon a defendant's violation of a duty not to negligently cause emotional distress to people who observe conduct which causes harm to another.

Burgess v. Superior Court, 2 Cal. 4th 1064, 1072-73 (1992) (italics in original). "'In the absence of physical injury or impact to the plaintiff himself, damages for emotional distress should be recoverable only if the plaintiff: (1) is closely related to the injury victim, (2) is present at the scene of the injury-producing event at the time it occurs and is aware that it is causing injury to the victim and, (3) as a result suffers emotional distress beyond that which would be anticipated

in a disinterested witness.'" Burgess v. Superior Court, 2 Cal. 4th 1064, 1073 (1992) (quoting Thing v. La Chusa, 48 Cal. 3d 644, 647 (1989)).

The First Amended Complaint does not allege that Cecil Elkins was "present at the scene of the injury-producing event at the time it occurs" and "was aware that it is causing injury to the victim." The complaint only alleges that Cecil Elkins witnessed the Decedent lying dead on the ground at some point in time after the Decedent was shot. At the hearing, Plaintiffs' counsel admitted that Cecil Elkins did not perceive Decedent being shot, but did arrive later and perceived Decedent either dead or dying on the ground after he was shot.

Plaintiffs' argument was rejected by the Supreme Court of California in Thing. In Thing, the decedent was injured when struck by an automobile driven by the defendant. Thing, 48 Cal. 3d at 647. The decedent's mother was nearby, but neither saw nor heard the accident. Id. After being told of the accident, "[s]he rushed to the scene where she saw her bloody and unconscious child, whom she believed was dead, lying in the roadway." Id. at 647-48. The Supreme Court of California held that the mother did not possess a valid cause of action for negligent infliction of emotional distress because "[s]he did not observe defendant's conduct and was not aware that her son was being injured." Id. at 668. The court "disapprov[ed] the suggestion in prior cases that a negligent actor is liable to all those persons 'who may have suffered emotional distress on viewing or learning about the injurious *consequences* of his conduct' rather than on viewing the injury-producing *event*, itself." Bird v. Saenz, 28 Cal. 4th 910, 916 (2002) (quoting Thing, 48 Cal. 3d at 668) (italics in original).

Here, like in Thing and in Bird, Cecil Elkins cannot recover on a negligent infliction of emotional distress theory because he did not observe Defendants' conduct. Under Thing, the "injury-producing event" is limited in definition to the precise moment when Defendants' conduct injured the Decedent, i.e., the moment when the bullet was fired. Thing and Bird rejected a broader definition which would permit recovery to persons who perceived the consequences of a defendant's conduct immediately after the injury producing event.

///

///

Liability for negligent infliction of emotional distress only attaches if Cecil Elkins was present when the Decent was shot and perceived[1] the shooting. The First Amended Complaint does not allege that Cecil Elkins perceived the Decedent being shot at the moment it occurred. Accordingly, the Court will recommend that this claim be dismissed. Moreover, the Court recommends that leave to amend be denied unless Plaintiffs demonstrate (for instance, in objections to these findings and recommendations) that Cecil Elkins can allege that he contemporaneously perceived the shots fired which caused Decedent's death.

### D. Plaintiffs' Claim for Negligent Hiring, Training and Supervision Against Defendant Pelayo

Defendant Pelayo argues that Plaintiffs cannot maintain a claim against Defendant Pelayo for negligence in hiring, training or supervising himself. Plaintiffs concede this argument, but with reservation of their right to reassert a claim against a Doe defendant who may be liable for their negligent hiring, training or supervision of Pelayo. Accordingly, the Court will recommend that this claim against Pelayo be dismissed.

### E. Plaintiffs' Bane Act Claims

Defendant Pelayo argues that Plaintiff cannot state a cognizable claim under California's Bane Act. The Bane Act prohibits any person from interfering "by threats, intimidation, or coercion ... with the exercise or enjoyment by any individual ... of rights secured by the Constitution or laws of the United States." Cal. Civ. Code § 52.1. "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." Austin B. v. Escondido Union School Dist., 149 Cal. App. 4th 860, 883 (2007) (citing Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998)).

/ / /

---

[1] For purposes of a negligent infliction of emotional distress claim, Cecil Elkins is not required to have visually perceived the shooting, but the law does require that he perceive the shooting incident by at least one of his senses. Ra v. Superior Court, 154 Cal. App. 4th 142, 148-49 (2007). Though, to support a claim based upon hearing the shooting, Plaintiffs would also have to allege facts that demonstrate that the shots heard were in circumstances where Cecil Elkins was reasonably certain that the shots heard caused harm to the Decedent. Id.

1  At the hearing, Defendants argued that Plaintiffs fail to state any claims under the Bane
2 Act because the complaint admits that the Decedent was attempting to elude apprehension by
3 law enforcement officials at the time he was shot.  However, it has long been established that
4 "apprehension by the use of deadly force is a seizure subject to the reasonableness requirement
5 of the Fourth Amendment."  Tennessee v. Garner, 471 U.S. 1, 7 (1985).  Accordingly, the mere
6 fact that the Decedent was eluding capture does not per se defeat a claim that Decedent's
7 constitutional rights were violated.  At the hearing, Defendants also suggested that Plaintiffs
8 cannot recover under the Bane Act because Plaintiffs have a claim under 42 U.S.C. § 1983.
9 However, it is well established that plaintiffs are permitted to plead multiple legal theories in a
10 complaint.  MB Financial Group, Inc. v. U.S. Postal Service, 545 F.3d 814, 819 (9th Cir. 2008)
11 ("...a plaintiff is generally entitled to plead alternative or multiple theories of recovery on the
12 basis of the same conduct on the part of the defendant.").

13  Defendant argues that Plaintiffs lack standing to bring claims under the Bane Act.  The
14 Bane Act provides a personal cause of action for victims of a hate crime and does not provide
15 derivative liability for claims brought by third parties, such as the parents of a victim.  Bay Area
16 Rapid Transit Dist. v. Superior Court, 38 Cal. App. 4th 141, 144 (1995).  However, the court in
17 Bay Area Rapid Transit Dist. made no analysis of whether Bane Act claims of a decedent
18 survive the death of the decedent pursuant to California Code of Civil Procedure § 377.20 and
19 pass to the decedent's successor in interest pursuant to California Code of Civil Procedure §
20 377.30.  In Medrano v. Kern County Sheriff's Officer, 921 F. Supp. 2d 1009, 1016 (E.D. Cal.
21 2013), the Court held that Bane Act claims do survive the death of the decedent and may be
22 brought by the decedent's heirs.  California Code of Civil Procedure § 377.20(a) states that
23 "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by
24 reason of the person's death, but survives subject to the applicable limitations period."
25 Defendants identify no statutory provision which suggests that Bane Act claims do not survive
26 the death of the Decedent.

27  The Court finds that Bane Act claims survive the death of the Decedent and may be
28 brought by the Decedent's successor in interest pursuant to California Code of Civil Procedure

7

§§ 377.20 and 377.30.  However, the Court notes that in this case, the only person entitled to bring a claim on behalf of the Decedent is Plaintiff Creasha Elkins, as the successor in interest to the Decedent designated by California Code of Civil Procedure § 377.30.  Accordingly, the Court recommends that the Bane Act claim be dismissed to the extent that it is brought on behalf of any Plaintiff other than Creasha Elkins.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court finds that Plaintiffs' claims should be dismissed with leave to amend to allege facts demonstrating compliance with the claims presentation requirements of California's Government Tort Claims Act.  The Court further finds that Plaintiffs Tina Terrel and Cecil Elkins' claims for wrongful death should be dismissed with leave to amend to allege facts demonstrating that they have standing to bring wrongful death claims as parents who were financially dependent upon the Decedent.  The Court further finds that Plaintiff Cecil Elkins' claim for negligent infliction of emotional distress should be dismissed, without leave to amend unless Plaintiffs demonstrate that they can allege that Cecil Elkins perceived the gun shots which caused the Decedent's death.  The Court further finds that Plaintiffs' claims for negligent hiring, training, and supervision against Defendant Pelayo should be dismissed, as he cannot be held liable for negligently hiring himself or for negligently training or supervising himself.  Finally, the Court finds that Plaintiffs' Bane Act claims are cognizable to the extent that they are brought by Plaintiff Creasha Elkins as the successor in interest to the Decedent, but the Bane Act claims brought by any other Plaintiff should be dismissed for lack of standing.

Accordingly, it is HEREBY RECOMMENDED that Defendant Pelayo's motion to dismiss be PARTIALLY GRANTED and that Plaintiffs' First Amended Complaint be DISMISSED, with leave to amend.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 1, 2014**

UNITED STATES MAGISTRATE JUDGE