# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CECIL ELKINS, JR., et al., | Case No. 1:13-cv-01483-AWI-SAB |
| Plaintiffs, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | ECF NO. 41, 46 |
| CALIFORNIA HIGHWAY PATROL, et al., | |
| Defendants. | |

On October 1, 2014, the magistrate judge assigned to this action issued a Findings and Recommendations recommending that Defendant's motion to dismiss be partially granted. (ECF No. 46.) The Findings and Recommendations contained notice that any objections were to be filed within fourteen (14) days. Defendant Hipolito Pelayo filed objections to the Findings and Recommendations on October 2, 2014. (ECF No. 48.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

Defendant objects to the magistrate judge's finding that claims under California's Bane Act survive the death of the plaintiff and may be brought by the decedent/plaintiff's successors pursuant to California Code of Civil Procedure § 377.20 and 377.30. Defendant argues that

1

Bane Act claims do not survive the death of the decedent/plaintiff and Defendant cites <u>Bay Area Rapid Transit Dist. v. Superior Court</u>, 38 Cal. App. 4th 141, 144 (1995), in support of this proposition. However, the court in <u>Bay Area Rapid Transit Dist.</u> did not expressly analyze whether Bane Act claims survive the death of the decedent/plaintiff. As this Court held in <u>Medrano v. Kern County Sheriff's Officer</u>, 921 F.Supp.2d 1009, 1016 (E.D. Cal. 2013), the holding of <u>Bay Area Rapid Transit Dist.</u> does not preclude a survival action by the successors of the decedent/plaintiff. The Court finds that a decedent/plaintiff's Bane Act cause of action survives their death under California Code of Civil Procedure § 377.20 and may be brought by a successor in interest. See <u>M.H. v. County of Alameda</u>, 2014 U.S. Dist. LEXIS 48592, *125 n.11 (N.D. Cal. Apr. 7, 2014); <u>Medrano</u>, 921 F.Supp.2d at 1016; <u>Dang v. City of Garden Grove</u>, 2011 U.S. Dist. LEXIS 85949, *32-*33 (C.D. Cal. Aug. 2, 2011); <u>Torre v. City of Salinas</u>, 2010 U.S. Dist. LEXIS 97725, *18-*20 (N.D. Cal. Sept. 17, 2010); <u>Moore v. County of Kern</u>, 2007 U.S. Dist. LEXIS 74199, *17-*21 (E.D. Cal. Sept. 23, 2007).

Accordingly, it is HEREBY ORDERED that:

1. The October 1, 2014 Findings and Recommendations are ADOPTED IN FULL (ECF No. 46);

2. Defendant's motion to dismiss is PARTIALLY GRANTED (ECF No. 41); and

3. Plaintiff's First Amended Complaint is DISMISSED, with leave to amend.

IT IS SO ORDERED.

Dated:   November 3, 2014

SENIOR DISTRICT JUDGE