# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CECIL ELKINS, JR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al,<br><br>Defendants. | Case No. 1:13-cv-01483-AWI-SAB<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED<br><br>ECF NO. 54<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On December 1, 2014, Defendant Hipolito Pelayo filed a motion to dismiss. (ECF No. 54.) The motion to dismiss was referred to the undersigned magistrate judge for Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72. (ECF No. 55.)

The hearing on the motion to dismiss took place on March 4, 2015. Neli Palma and Peter Meshot appeared telephonically on behalf of Defendants. Nichelle Jones appeared telephonically on behalf of Plaintiffs. For the reasons set forth below, the Court recommends that the motion to dismiss be granted and the Second Amended Complaint be dismissed with leave to amend.

During oral argument, the Court informed the parties of its intent to recommend that the Second Amended Complaint be dismissed, with leave to amend. The parties informed the Court

1

that they did not object to this recommendation and, in the interests of expediency, would stipulate to this recommendation and would be amenable to avoiding the fourteen day delay associated with the findings and recommendations objection period.  Accordingly, to the extent that the parties wish to move the case along, they may file a stipulation informing the Court that they do not object to these Findings and Recommendations and waive the right to file any objections in the fourteen day objection period.[1]

# I.

# BACKGROUND

This action was filed on September 12, 2013.  (ECF No. 1.)  The operative complaint is the Second Amended Complaint filed on November 14, 2014.  (ECF No. 50.)  Plaintiffs' claims arise from an incident alleged to have occurred on November 13, 2012 in the City of Pixley. Plaintiffs allege that law enforcement officers shot and killed Cecil Elkins, Jr. ("the Decedent") while attempting to arrest him.

The claims in this action are brought by Plaintiff Creasha Elkins (the surviving widow of the Decedent), Plaintiff Valiecia Perez (Decedent's daughter), Plaintiff Dylan Elkins (Decedent's son), Plaintiff Devin Elkins (Decedent's son), Plaintiff Tina Terrel (Decedent's mother), and Plaintiff Cecil Elkins (Decedent's father).

Plaintiffs allege that Defendant Pelayo and several "Doe" officers from the California Highway Patrol, Tulare County Sheriff's Department, the Tulare County Regional Gang Enforcement Team, the Department of Justice Central Valley Gang Task Force and the Tulare Police Department pursued the Decedent on foot.  Plaintiffs further allege that the Decedent was shot in the back by Defendant Pelayo despite the fact that the Decedent was unarmed and posed no reasonable threat to anybody.

# II.

# LEGAL STANDARDS FOR MOTIONS TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on

---

[1] If the parties wish to agree to such a stipulation, they may file their stipulation and provide a copy to the Court's Courtroom Deputy, Mamie Hernandez.

the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

## III.

## DISCUSSION

### A.   Plaintiffs' Standing

Defendant Pelayo argues that Plaintiffs improperly alleged that all six plaintiffs have standing as the Decedent's personal representative and successor in interest. Defendant further argues that the claims for assault, battery, and under Section 1983 (excessive force) are survival actions that can only be brought by the Decedent's personal representative or successor-in-interest. Defendant further contends that the requisite declaration under California Code of Civil procedure § 377.32 has not been filed by Plaintiffs.

Plaintiffs filed a declaration of successor in interest on behalf of Plaintiff Creasha Elkins on December 10, 2014. (ECF No. 59.) This declaration states that no personal representative has been appointed under California law and that Creasha Elkins, Dylan Elkins, and Devin Elkins are the Decedent's successors-in-interest pursuant to California Code of Civil Procedure § 377.11. (Decl. of Successor in Interest ¶ 4.) Although Valiecia Perez is alleged to by the Decedent's daughter in the complaint, there is no mention of Valiecia Perez in the Declaration of Successor in Interest.

In his reply, Defendant notes that there is no declaration establishing Valiecia's standing as a successor in interest and there is no declaration establishing Tina Terrel or Cecil Elkin's standing as a successor in interest. The Court also notes that the Second Amended Complaint is

ambiguous as to which causes of action are brought by which Plaintiffs. The Second Amended Complaint states that the First Cause of Action is brought "By All Plaintiffs Against All Defendants." (Second Am. Compl., at pg. 6:16-18.) However, the Second and Third Causes of Action confusingly state that they are brought "by the ESTATE OF CECIL ELKINS JR, deceased, Against All Defendants." (Second Am. Compl., at pg. 8:9-11.) The Fourth Cause of Action is brought "By Plaintiff CREASHA ELKINS as Successor in Interest to the Estate of CECIL ELKINS, JR." (Second Am. Compl., at pg. 10:17-20.) Confusingly, the "Seventh Cause of Action," which is actually the fifth, fails to provide any indication as to which Plaintiffs are applicable.

The issue raised in Defendant's motion to dismiss strikes the court as an issue that is easily resolved via an amended complaint and successor in interest declaration which clearly sets forth which Plaintiffs are bringing which cause of action. It is clear that the Second Amended Complaint suffers from careless typographical errors, such as the boilerplate personal representative/successor-in-interest allegation attached to each individual Plaintiff, the inconsistent, confusing, and ambiguous designations for which Plaintiffs are bringing which cause of action, and even the numbering of the five causes of action. At oral argument, the parties admitted that there was some ambiguity with respect to which Plaintiffs are attached to which causes of action and were amenable to allowing Plaintiff to file an amended complaint which clarifies these issues. Plaintiffs also indicated that Plaintiff Creasha Elkins would be the only individual filing claims as a successor in interest to the estate of Cecil Elkins, Jr. Accordingly, the Court recommends that Defendant's motion to dismiss be granted, the Second Amended Complaint be dismissed, and Plaintiff be given leave to amend their complaint and their successor-in-interest declaration.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court finds that Plaintiffs' claims should be dismissed with leave to amend to address the deficiencies identified above.

Accordingly, it is HEREBY RECOMMENDED that Defendant Pelayo's motion to

dismiss be GRANTED and that Plaintiffs' Second Amended Complaint be DISMISSED with leave to amend.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 4, 2015**

UNITED STATES MAGISTRATE JUDGE

5