IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE ESTATE OF CECIL ELKINS, JR., et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA HIGHWAY PATROL, et al.,**<br><br>Defendants. | 1:13-cv-01483-AWI-SAB<br><br>ORDER ON STIPULATION FOR PROTECTIVE ORDER |

IT IS HEREBY STIPULATED by all parties to this action by and through their attorneys of record, that the documents described herein shall be designated as "Confidential" and produced subject to the following Protective Order:

1. Categories of documents described as follows:

(a) Any and all documents produced by Defendant Hipolito Pelayo in response to Plaintiffs' Request For Production Of Documents, Set Number One, including those with Bates Nos. HP000001 – HP001321 (as well as any future discovery requests);

(b) Any and all documents produced by third party witness State of California, by and through the California Highway Patrol, in response to any Subpoena for Production of

Documents, Information or Objects, including any and all sections of any policy or training manuals;

  (c) Any and all portions of personnel records of California Highway Patrol Officer Hipolito Pelayo that may be produced in this action per court order or otherwise;

  (d) Any and all documents produced by the Tulare County Sheriff's Office concerning the shooting of Cecil Elkins, Jr. on November 13, 2012 in response to any Subpoena for Production of Documents, Information or Objects;

  (e) Any and all documents produced by the Tulare County District Attorney's Office concerning the shooting of Cecil Elkins, Jr. on November 13, 2012 in response to any Subpoena for Production of Documents, Information or Objects; and

  (f) Any and all documents produced by the Tulare Police Department concerning the shooting of Cecil Elkins, Jr. on November 13, 2012 in response to any Subpoena for Production of Documents, Information or Objects.

 2. The categories of documents designated as "Confidential" contain information that is not available to the public, statutorily protected under state law and information in which the parties, and potentially other individuals, have a privacy interest in.

 3. A Court-approved protective order is appropriate pursuant to Local Rule 141.1 because Defendant's employing agency does not believe it can lawfully waive its perceived statutory duties to protect the confidentiality of the materials subject to this order without the imprimatur of the Court.

 4. The disclosed documents shall be used solely in connection with the civil action of *Estate of Cecil Elkins, Jr. et al. v. California Highway Patrol, et al.,* E.D. Cal. Case No. 1:13-cv-01483-AWI-SAB.  The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this action, including trial.

 5. A party may designate any further documents as "Confidential" which it has determined in good faith to be: (a) confidential or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, such that third parties would be required to maintain the information

2

in confidence. By designating a document or portion thereof as "Confidential," the party making the designation avers that it can and would make a showing to the Court sufficient to justify entry of a protective order covering that document or portion thereof under Federal Rule of Civil Procedure 26 and Eastern District of California Local Rule 141.1.

6. A party producing the documents described herein may designate those documents as confidential by affixing a mark labeling them "Confidential," provided that such marking does not obscure or obliterate the content of any record. If any confidential documents cannot be labeled with this marking, those documents shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

7. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the document in question shall continue to be treated according to its designation under the terms of this Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

8. Documents designated under this Protective Order as "Confidential" may be disclosed only to the following persons:

(a) All counsel of record and attorneys in the offices of said counsel;

(b) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

(c) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of this action;

(d) Any expert, consultant, or investigator retained in connection with this action;

3

    (e) Any "in-house" expert designated by Defendant to testify at trial in this matter;

    (f) The parties to this action who have affirmatively agreed in writing to be bound by this Protective Order;

    (g) Witnesses who may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the depositions with copies of the documents.

    (h) Any neutral evaluator or other designated ADR provider; and

    (i) The finder of fact at the time of trial, subject to the Court's ruling on in limine motions and objections of counsel.

9. Prior to the disclosure of any "Confidential" documents to any person identified in Paragraph 7(d)-(g), each such recipient of "Confidential" documents shall be provided with a copy of this Protective Order, which he or she shall read. Upon reading this Protective Order, such person shall acknowledge in writing as follows:

> I have read the Protective Order that applies in *Estate of Cecil Elkins, Jr. et al. v. California Highway Patrol, et al.*, E.D. Cal. Case No. 1:13-cv-01483-AWI-SAB and shall abide by its terms. I consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation in any proceeding for contempt.

10. The following procedures shall be utilized by the parties making copies of documents designated as "Confidential":

    (a) The producing party shall provide one copy of the "Confidential" documents to the receiving party.

    (b) The receiving party shall not furnish, disclose, or otherwise divulge any the "Confidential" documents to any source, except those persons identified in Paragraph 7 herein, without further order of the Court or authorization from counsel for the producing party.

    (c) If any document designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The court reporter will be directed to bind those

portions of the transcript that contain discussion of the contents of the "Confidential" documents separately. The cover of any portion of a deposition transcript that contains testimony or documentary evidence that has been designated "Confidential," including exhibits designated as "Confidential," will be marked: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

11. Should any documents designated "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive the documents under this Protective Order, the disclosing person(s) shall promptly: (a) inform the producing party of the recipient(s) and the circumstances of the unauthorized disclosure, and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No document shall lose its "Confidential" status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

12. The "Confidential" documents produced pursuant to this Order will be redacted with respect to any purely confidential identifying personal and family information.

13. If a party would like to use "Confidential" documents in Court filings, at least seven (7) days notice shall be given to all parties. The parties shall comply with the requirements of Eastern District local Rule 141, in the event that a party would like "Confidential" document to be sealed. The Parties agree a request to seal or remove the designation of "Confidential" may be heard on shortened time and/or by telephone conference with a showing of good cause.

14. Nothing in this Order shall in any way limit or prevent "Confidential" documents from being used in any deposition or other proceeding in this action. In the event that any "Confidential" document is used in any deposition or other proceeding in this action, it shall not lose its confidential status through such use. If any "Confidential" document is used in a deposition, then arrangements shall be made with the court reporter to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" and to label such portions appropriately.

15. This Protective Order is entered for the purpose of facilitating the exchange or documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order, or the production of any document under the terms of

this Protective Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

16. Nothing in this Protective Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

17. If "Confidential" documents produced in accordance with this Order are disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and without prejudice to their rights and remedies available to the producing party, make every effort to obtain the return of the disclosed "Confidential" documents and prevent further disclosure by the person who was the recipient of such information.

18. After the conclusion of this litigation, all "Confidential" documents, in whatever form stored or reproduced, will remain "Confidential."  All documents produced pursuant to this Protective Order shall be destroyed or returned to counsel for the producing party in a manner in which counsel will be able to reasonably verify that all documents were returned.  All parties agree to ensure that "Confidential" documents disclosed to other persons shall be destroyed or returned to counsel for the producing party.  "Conclusion" of this litigation means a termination of the action following a trial (and any subsequent appeal) or settlement, and entry of an order, judgment, or decree terminating this action.

19. The terms of this Protective Order shall survive and remain in full force and effect during discovery and after the termination of this lawsuit.

The Court having considered the foregoing stipulation of the parties, HEREBY ORDERS that:

1. The above-described records related to this matter, and more specifically described in paragraph 1 of the stipulation, be subject to a Protective Order fully incorporating the provisions set forth above;

6

2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141; and

3. The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion. <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-78 (9th Cir. 2009).

IT IS SO ORDERED.

Dated:   **October 29, 2015**

UNITED STATES MAGISTRATE JUDGE