# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CECIL ELKINS, JR., et al., <br><br>Plaintiffs, <br><br>v. <br><br>CALIFORNIA HIGHWAY PATROL, et al., <br><br>Defendants. | Case No. 1:13-cv-01483-AWI-SAB <br><br> ORDER RE INFORMAL DISCOVERY DISPUTE <br><br> FOURTEEN DAY DEADLINE |

## I.

## RELEVANT BACKGROUND

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 12, 2013. The action is currently proceeding on the fourth amended complaint filed on April 28, 2015. The allegations in the complaint relate to November 13, 2012 incident in which Cecil Elkins (hereafter decedent) fled from police and was shot in the back by Defendant Hipolito Pelayo. (ECF No. 72 at ¶ 14.) Decedent died as a result of his injuries. (Id. at ¶ 17.) Plaintiffs bring this action alleging excessive force in violation of the Fourth Amendment, deprivation of family relationship in violation of the Fourteenth Amendment, and state law claims for wrongful death, assault, battery, and violation of the Bane Act.

Plaintiffs have served a discovery requests seeking Defendant Pelayo's personnel records

to determine if there have been prior reports of excessive force against Defendant. Defendant objected to the discovery requests on the grounds that they sought information protected by the attorney-client privilege, the work-product doctrine, the deliberative process privilege, and/or the official information privilege. Defendant further objected to the extent the requests violated privacy interests of any third parties, including but not limited to addresses, telephone numbers, or other personal information that is protected by California and/or federal law. Finally, Defendant objected that the requests were not relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

On November 2, 2015, the Court conducted an informal telephonic discovery dispute hearing. Counsel Nichelle Jones appeared for Plaintiff and counsel Neli Palma appeared for Defendant.

## II.

## DISCUSSION

Plaintiff requests that the Court resolve the discovery dispute and argues that California law does not apply in federal court. Additionally, Plaintiff contends that Defendant has not produced a privilege log and has therefore failed to meet his burden to show that he is entitled to any privilege. Plaintiff seeks records and documents pertaining to prior complaints of excessive force made against Defendant Pelayo.

Defendant responds that in addition to the objections made in the discovery responses, discovery of his personnel records violates his right to privacy and personal security, the information is protected under the California Constitution, California Penal Code section 832, et seq. and California Evidence Code section 1043, et seq. Defendant contends that, while federal law controls in this area, the Court should use California law as a guide in interpreting the scope of the federal privilege. Further, Defendant replies that the information sought is irrelevant in this action.

During the teleconference, Plaintiffs indicated that they were also seeking Defendant Pelayo's performance evaluations. However, the letter brief submitted by Plaintiff only raised the issue of prior complaints of excessive force against Defendant Pelayo. Therefore, this order

is limited to the issue raised in the parties' letter briefs, any prior complaints of use of excessive force by Defendant Pelayo.

### A. Relevancy

Defendant contends that information on prior excessive force claims filed against him is irrelevant in this action. Under the federal rules, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery is designed to help define and clarify the issues. Id. Although relevancy is broadly defined for the purposes of discovery, it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted).

"Complaints against officers ... may show, among other things, the character or proclivity of such officers toward violent behavior or possible bias." Taylor v. Los Angeles Police Department, No. EDCV99–0383–RT(RCX), 1999 WL 33101661, *4 (C.D. Cal.1999); see also Hamilton v. Quinonez, No. 1:14-cv-1216-LJO-MJS (PC), 2015 WL 3660138, at *3 (E.D. Cal. June 10, 2015) (evidence of prior complaints inadmissible to prove character could be admissible for other purposes); Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D. Cal. 1995) (citizen complaints lodged against an officer are relevant to providing a defendant's history or pattern of such behavior); Miller v. Panucci, 141 F.R.D. 292, 296 (C.D. Cal. 1992) (finding request for citizen complaints against officer in excessive force action relevant). Courts have found that prior complaints made against a defendant of excessive force are discoverable when sufficiently similar to the claims brought in the instant suit. Chatman v. Felker, No. CIV S-93-2415 JAM KJM P, 2009 WL 173515, at *5 (E.D. Cal. Jan. 23, 2009). Information such as that requested here can be used in determining credibility or in impeaching or cross-examining a witness at trial. Renshaw v. Ravert, 82 F.R.D. 361, 363 (E.D. Penn. 1979).

1    Given the broad definition of relevancy under the Federal Rules, Plaintiffs' request is
2 relevant to the issues and defenses presented in this action. Defendant argues that the
3 information would be character evidence and would be excluded by Rule 403. However,
4 determining whether the information is discoverable does not mean that it must be admissible at
5 trial. Defendant's 403 argument can properly be raised in a motion for limine to exclude
6 evidence, but does not make the information undiscoverable.

7    The Court finds that the request for information regarding prior complaints of the use of
8 excessive force by Defendant Pelayo is reasonably calculated to lead to the discovery of
9 admissible evidence.

### B.    Privacy Rights

11    Defendant also contends that the information implicates privacy rights that are protected
12 under California law. In considering whether to apply California law limiting access to law
13 enforcement records, some courts find that applying California privilege law would severely
14 limit a plaintiff's access to police files and this is in conflict with the liberal discovery rules
15 under federal law. Miller, 141 F.R.D. at 298-99. Other courts find that the privacy rights of law
16 enforcement records are not inconsequential and apply a balancing test to determine whether the
17 need for the information outweighs the privacy right at issue. Soto, 162 F.R.D. at 616.

18    Under federal privilege doctrine, government personnel files are considered official
19 information and, in determining whether the files sought are privileged, the court must weigh the
20 potential benefits of disclosure against the potential disadvantages. Sanchez v. City of Santa
21 Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990). In determining privilege, courts give some weight
22 to the privacy rights protected by state constitutions and statutes, but balance those rights against
23 the great weight afforded to federal law in civil rights cases against law enforcement. Soto, 162
24 F.R.D. at 616.

25    This Court has previously addressed this issue and agrees that some weight should be
26 given to the privacy rights protected by state constitutions and statutes. Taylor v. O'Hanneson,
27 No. 1:11-CV-00538-LJO, 2014 WL 2696585, at *5 (E.D. Cal. June 13, 2014). This balancing is
28 conducted on a case by case basis based upon the fact specific situation that has been presented

to the court. Miller, 141 F.R.D. at 300.

In weighing Defendant's privacy interest against the great weight afforded to federal law in civil rights cases against law enforcement, Plaintiffs' need for the information outweighs the privacy interest under state law. The records requested, prior complaints regarding the use of excessive force by Defendant Pelayo, does not implicate the type of highly personal information that warrants constitutional safeguards. Ramirez v. County of Los Angeles, 231 F.R.D. 407, 411 (C.D. Cal. 2005). Therefore, Defendant's privacy interest in these records is not substantial. Id. Further, Plaintiffs have no other manner in which to obtain the information sought.

The Court also considers that the parties have entered into a protective order in this action. The protective order will sufficiently protect Defendant Pelayo's privacy rights as it limits who the information may be made available to, provides the information may only be used in this action, and requires all confidential information to be destroyed or returned to Defendant at the close of this action.

Balancing the interests represented here, the Court finds that Plaintiffs need for the information outweighs Defendant's privacy interest.

**C.    Privilege**

Defendant also objected to production of the information arguing it is protected by the attorney-client privilege, the work-product doctrine, the deliberative process privilege, and/or the official information privilege. However, Defendant did not comply with the Federal Rules of Civil Procedure.

Rule 26 provides that when otherwise discoverable information is withheld under the rules on claims that it is privileged, any such claim shall be expressly made and shall describe the nature of the documents, communications, or things not produced or disclosed, in a manner that will enable assessment of the applicability of the privilege or protection without revealing the privileged or protected information itself. Fed. R. Civ. P. 26(b)(5). "Formally claiming a privilege should involve specifying which information and documents are privileged and for what reasons, especially when the nature of the information or documents does not reveal an obviously privileged matter." Paulsen v. Case Corp., 168 F.R.D. 285, 289 (C.D. Cal. 1996)

(citing Kerr v. United States District Court, Northern District of California, 511 F.2d 192, 198 (9th Cir.1975)).

In order to assist a court in determining a claim of privilege, a detailed privilege log may be required in conjunction with evidentiary submissions to fill any factual gaps. United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996), cert. denied, 519 U.S. 927 (1996); see also, Allen v. Woodford, 2007 WL 309485, *4 (E.D. Cal. 2007), recon. denied, 2007 WL 841696. With respect to each document as to which a privilege is claimed, the person claiming the privilege should include in the privilege log the document's general nature and description, including its date, the identity and position of the author, and the identity and position of all addressees and recipients; the present location of the document; and the specific reasons it was withheld, including the privilege invoked and the grounds therefor. Allen (citations omitted).

A detailed privilege log allows for a case-specific and fact-specific balancing of the interests of law enforcement, privacy interests of police officers or citizens, interests of civil rights plaintiffs, policies that inform the laws, and the needs of the judicial process. Kelly v. City of San Jose, 114 F.R.D. 653, 667-69 (N.D. Cal. 1987). The privilege log also must: (1) show that the agency generated or collected the information and maintained its confidentiality; (2) show that the declarant reviewed the material personally; (3) identify a specific governmental or privacy interest that would be threatened by disclosure to plaintiff; (4) describe how disclosure, subject to a carefully crafted protective order, would create a substantial risk of harm to significant governmental or privacy interests; and (5) assess the extent of the harm that would result from disclosure. Id. at 670.

Defendant has not demonstrated that any of the information requested is entitled to a privilege asserted in this action. Accordingly, Defendant shall be ordered to provide supplemental discovery responses pertaining to prior complaints of excessive force made against Defendant Pelayo.

**D.    In Camera Review**

Finally, Defendant seeks in camera review of any documents which the Court orders

disclosed to allow for redaction of addresses, dates of birth, financial information, etc. that need not be disclosed.  Plaintiff agreed that Defendant may redact such identifying information in making the required disclosures.  Therefore, the Court finds that an in camera review of the documents produced is not necessary and Defendant shall produce responsive documents with personal information redacted.

### III.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that within fourteen (14) days from the date of service of this order, Defendant shall serve supplemental discovery responses pertaining to prior complaints of excessive force made against Defendant Pelayo.

IT IS SO ORDERED.

Dated:   **November 3, 2015**

UNITED STATES MAGISTRATE JUDGE