# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CECIL ELKINS, JR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA HIGHWAY PATROL, et al., <br><br> Defendants. | Case No. 1:13-cv-01483-AWI-SAB <br><br> ORDER RE INFORMAL DISCOVERY DISPUTE |

On November 3, 2015, the Court conducted an informal discovery dispute conference and issued an order requiring Defendant to serve supplemental discovery responses pertaining to prior complaints of excessive force made against Defendant Pelayo. (ECF Nos. 81, 82.) On November 25, 2015, the Court conducted a second informal discovery dispute conference. Counsel Nichelle Jones appeared telephonically for Plaintiff and counsel Neli Palma appeared telephonically for Defendant.

In the November 3, 2015 order, the Court considered Defendant's arguments regarding the privacy rights of the individuals and privileges claimed by Defendant. The Court balanced the potential benefits of disclosure against the potential disadvantages, Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), and found that Plaintiffs' need for the information outweighs any privacy interest, (ECF No. 82 at 4-5). The Court also found that Defendant had

1

not demonstrated that any of the information sought was entitled to a privilege and Defendant was ordered to produce prior complaints of excessive force made against Defendant Pelayo. (Id. at 6.)  The order allowed Defendant to redact addresses, dates of birth, and financial information. (Id. at 6-7.)

Pursuant to the November 3, 2015 order, Defendant served a supplemental response in which an excessive force complaint was produced.  Defendant redacted information on the witnesses from the complaint, including the names of the complaining witness and police witnesses.  At issue here is whether Defendant is required to produce the unredacted version of the reports.  As addressed in the November 3, 2015 order, any privacy right concerns are outweighed by Plaintiff's need for this information and there is a protective order which limits to whom this information may be disclosed.  Further, while Defendant again argues that the official information privilege applies, Defendant has not demonstrated that the information is entitled to such a privilege.  (See ECF No. 82 at 5-6.)

To clarify this Court's prior order, Defendant may redact addresses, date of birth, and financial information for Defendant Pelayo.  Further, such information may be redacted for other law enforcement officers.  However, the names of the law enforcement officers and the name and personal information of civilian witnesses shall be produced.

Accordingly, IT IS HEREBY ORDERED that by close of business on November 30, 2015, Defendant shall produce the documents with redactions consistent with this order.

IT IS SO ORDERED.

Dated:   **November 25, 2015**

UNITED STATES MAGISTRATE JUDGE