# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CECIL ELKINS, JR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA HIGHWAY PATROL, et al., <br><br> Defendants. | Case No. 1:13-cv-01483-AWI-SAB <br><br> ORDER VACATING INFORMAL TELECONFERENCE AND ADDRESSING INFORMAL DISCOVERY DISPUTE (ECF No. 94) <br><br> ORDER GRANTING PLAINTIFFS' REQUEST TO AMEND THE SCHEDULING ORDER (ECF No. 92) <br><br> FIFTEEN DAY DEADLINE |

## I.

## RELEVANT BACKGROUND

Plaintiffs filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 12, 2013. The action is currently proceeding on the fourth amended complaint filed on April 28, 2015. The allegations in the complaint relate to November 13, 2012 incident in which Cecil Elkins (hereafter decedent) fled from police and was shot in the back by Defendant Hipolito Pelayo. (ECF No. 72 at ¶ 14.) Decedent died as a result of his injuries. (Id. at ¶ 17.) Plaintiffs bring this action against Defendant Hipolito Pelayo alleging excessive force in violation of the Fourth Amendment, deprivation of family relationship in violation of the Fourteenth Amendment, and state law claims for wrongful death, assault, battery, and violation of the Bane Act.

On June 17, 2015, an order issued amending the scheduling order and discovery in this action was to close on December 1, 2015. (ECF No. 76.) On December 1, 2015, Plaintiff filed a motion to continue the discovery cut-off date in this action and Defendant filed a discovery dispute letter. (ECF Nos. 92, 94.) Plaintiff was provided with the opportunity to submit a letter brief by 3:00 p.m. on December 2, 2015, however no letter brief was submitted. The Court finds that the discovery dispute is suitable for decision without a hearing. The informal teleconference set for December 3, 2015 at 3:00 p.m. is vacated and the parties are not required to call at that time.

## II.

## DISCUSSION

### A. Motion to Amend Scheduling Order

Pursuant to the scheduling order, discovery in this action closed on December 1, 2015. Plaintiff seeks to extend the discovery deadline to January 4, 2016 to conduct further discovery in this action. Rule 16 of the Federal Rules of Civil Procedure which governs the modification of the scheduling order provides that "[a] schedule may be modified only for good cause and with the judge's consent."

In this instance, Plaintiff was not informed of the name of one of the witnesses to the events alleged in the complaint until one day prior to the discovery cut-off. Due to the timing of the disclosure, Plaintiff could not timely notice a deposition prior to the discovery cut-off date. Defendant has also filed a discovery dispute letter seeking the Court's assistance in compelling production of third party records. As all parties in this action are still seeking discovery, the Court finds good cause exists to amend the scheduling order. The parties shall complete all non-expert discovery in this action by January 4, 2016. The parties are advised that all non-expert discovery, including hearings on any motion to compel, must be completed by the discovery cut-off date. See Scheduling Order Part VI, ECF No. 76.

### B. Non-Party Subpoenas

Defendant has served subpoenas duces tecum on the California Correctional Health Care Services, Tulare County Probation Office, Tulare County Mental Health Department, and

Turning Point.  Each of the entities responded that the records sought cannot be released without a release from the decedent or a court order.  Defendant now requests the Court's assistance in compelling the non-parties to produce records pursuant to the previously served subpoena duces tecum.  Plaintiffs do not object to the request.  Therefore, the Court shall grant the requests as to non-parties California Health Care Services, Tulare County Probation Department and Kern County Mental Health Department.

Defendant also seeks records from Turning Point.  The non-party entity has objected and requires that any order compelling production of records comply with federal regulations 42 C.F.R. sections 2.13(a), 2.61-267.  The federal regulations require that, in ordering production of a patient's drug and alcohol abuse treatment records, the Court must find good cause by determining that:

> (1) Other ways of obtaining the information are not available or would not be effective; and
>
> (2) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.

42 C.F.R. § 264(d).  Defendant has provided no information on which the Court could find that the records sought are relevant in this action, much less that there is no other manner in which to obtain the information or that the need for disclosure outweighs the privacy and confidentiality interests at stake.  Therefore, Defendant's request to compel production of Turning Point records is denied.

Accordingly, the Court shall grant Defendant's request for a court order requiring production responsive to the subpoenas issued to the California Health Care Services, Tulare County Probation Department, and Kern County Mental Health Department, but deny the request to compel production of Turning Point records.  Due to the nature of the documents requested any responsive documents shall be designated as confidential and subject to the October 29, 2015 protective order issued in this action.

### C. Internal Revenue Service Request for Copy of Tax Return

Defendant also seeks an order compelling Plaintiffs to sign and return the Internal Revenue Service Request for Copy of Tax Return.  Plaintiffs have not objected to this request.

Therefore, Plaintiffs are ordered to provide Defendant with a signed Request for Copy of Tax Return for decedent.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The informal teleconference set for December 3, 2015 is vacated;
2. Within fifteen days from the date of this order, the California Correctional Health Care Services shall produce documents responsive to the subpoena dated October 29, 2015;
3. Within fifteen days from the date of this order, the Tulare County Probation Department shall produce documents responsive to the subpoena dated October 29, 2015,
4. Within fifteen days from the date of this order, Jarod Araujo shall appear for deposition at a time agreeable to the participants;
5. Within fifteen days from the date of this order, the Kern County Mental Health Department shall produce documents responsive to the subpoena dated October 27, 2015;
6. Within fifteen days from the date of service of this order, Plaintiffs shall provide Defendant with a signed Request for Copy of Tax Return for decedent;
7. All documents produced in response to the subpoenas duces tecum shall be subject to the October 29, 2015 protective order entered in this action; and
8. Failure to comply with this order may result in the issuance of sanctions.

IT IS SO ORDERED.

Dated: **December 3, 2015**

UNITED STATES MAGISTRATE JUDGE