# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CECIL ELKINS, JR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA HIGHWAY PATROL, et al., <br><br> Defendants. | Case No. 1:13-cv-01483-AWI-SAB <br><br> ORDER DENYING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM WITHOUT PREJUDICE <br><br> (ECF Nos. 114, 115) |

Currently before the Court are the minor plaintiffs' motions for appointment of a guardian ad litem to represent their interests in this action.

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id. A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, __

F.Supp.3d ___, 2015 WL 6951291, at *9 (E.D. Cal. Nov. 10, 2015). This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

In this instance, the minor Plaintiffs have submitted a declaration stating that their grandfather is a competent and responsible person who is fully competent to act as a guardian ad litem. However, the minors have been removed from their mother and to the Court's knowledge are still in the care of the County. (ECF No. 113 at ¶ 5.) The declarations submitted do not indicate that the grandfather has the "experience, objectivity, and expertise" or previous relationship with the ward for the Court to find that he is an appropriate guardian ad litem for the minors.

Accordingly, IT IS HEREBY ORDERED that the petitions for appointment of a guardian ad litem are denied without prejudice. Any further petition must contain a declaration from the proposed guardian demonstrating that the individual is truly dedicated to the best interests of the minors and has the "experience, objectivity, and expertise" or previous relationship with the ward to serve as a guardian ad litem. AT&T Mobility, LLC v. Yeager, __ F.Supp.3d ___, 2015 WL 6951291, at *9.

IT IS SO ORDERED.

Dated:   **June 7, 2016**

UNITED STATES MAGISTRATE JUDGE