# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CECIL ELKINS, JR., et al.,<br><br>Plaintiffs<br><br>v.<br><br>HIPOLITO PELAYO,<br><br>Defendant | CASE NO. 1:13-CV-1483 AWI SAB<br><br>ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. No. 164) |

This is a civil rights lawsuit that stems from a fatal encounter between decedent Cecil Elkins, Jr. ("Elkins") and Defendant California Highway Patrol Officer Hipolito Pelayo ("Defendant"). On July 7, 2016, the Court granted summary judgment in favor of Defendant on all claims. Plaintiffs appealed, and on June 14, 2018, a divided Ninth Circuit panel reversed the summary judgment. Currently before the Court is Defendant's motion for judgment on the pleadings. For the reasons that follow, the motion will be granted in part and denied in part.

*Defendant's Argument*

Defendants argue that the Court granted summary judgment on the wrongful death cause of action, which was based on negligence, for two reasons: a pleading failure and a briefing failure. The Court held that a negligence based claim was not fairly reflected in the first cause of action, and that the evidence submitted was speculative and failed to establish negligence. Although the Ninth Circuit reversed the summary judgment order, it made only passing reference to the state law claims and did not address the wrongful death claim at all. Therefore, the Ninth Circuit opinion did not disturb either of the Court's bases for disposing of the wrongful death claim. Under the law of the case doctrine, although the rest of the case continues, the wrongful death claim remains extinguished.

1 | *Plaintiff's Opposition*

Plaintiffs argue that, to the extent that Defendant's motion is brought under Rule 12(c), it is untimely. Alternatively, Plaintiffs argue that the first time a pleading deficiency was identified was in the summary judgment order. However, the allegations in the Fourth Amended Complaint ("FAC") sufficiently allege negligent tactics and excessive force. Further, courts should construe issues raised in an opposition as a request to amend pleadings under Rule 15(b). Therefore, if the Court finds that a judgment on the pleadings is appropriate, then leave to amend should be granted. Finally, by the time of summary judgment, the discovery process had been sufficiently developed that pre-contact tactics were intended to be part of the FAC. Also, it was revealed during discovery that Defendant was involved in a prior incident in which he punched and threatened an unarmed suspect and said: "Why did you make me run bitch? You're lucky that I didn't shoot your ass." Although not specifically stated, it is safe to assume that the Ninth Circuit considered the arguments raised in the summary judgment order and concluded that the judgment must be reversed because the pleading issues raised were irrelevant and immaterial and that the correct standard to evaluate the wrongful death claim was the objectively reasonable standard that was thoroughly evaluated and decided by the Ninth Circuit. That is, the Ninth Circuit was clear in its ruling that the proper analysis to evaluate Plaintiff's first cause of action is the same standard of objective reasonableness used in the Fourth Amendment claims.

*Ninth Circuit Opinion*

In short, the majority opinion held that it was possible for a reasonable jury to "find it more likely than not that Elkins was not reaching for his waistband just before he was shot," thus necessitating a trial. See Doc. No. 133. The Ninth Circuit's majority opinion analyzed the deposition testimony of Defendant, Detective Guzman, and Sgt. Ynclan. In relevant part, the majority opinion concluded:

> In summary, regarding Plaintiffs' Fourth Amendment claim, a reasonable jury could find on the evidence presented that Elkins was not reaching for his waistband or that, even if he was, the use of deadly force in this case was excessive. Regarding Plaintiffs' Fourteenth Amendment claim, a reasonable jury could find, under the facts presented, that shooting a suspect simply to stop him from running away was not a legitimate law enforcement objective. Jones, 873 F.3d at 1133. Plaintiffs' state law claims are analyzed under the same standard of objective

2

reasonableness used in Fourth Amendment claims. Martinez v. County of Los Angeles, 54 Cal. Rptr. 2d 772, 780 (Ct. App. 1996).

Id.

*Summary Judgment Order*

Wirth respect to the first cause of action for wrongful death, this Court first addressed the adequacy of the FAC:

> Plaintiffs' opposition identifies negligent acts or negligent tactics by Pelayo and clarifies that they are pursuing a negligence theory under the first cause of action. However, a negligence cause of action based wrongful death theory appears to be a new theory that was not fairly reflected in the active Complaint. Under the first cause of action for wrongful death (which is the only state law claim where a negligence claim might be found), Plaintiffs allege that Pelayo fatally shot Elkins, Elkins did not pose a threat to Pelayo or anyone else, Elkins died as a result of his injuries, Pelayo was negligently retained by various law enforcement entities, and that Plaintiffs' have experienced various types of economic and non-economic damages. See Doc. No. 72 at ¶¶ 19-27. None of these allegations suggest negligence by Pelayo. In an earlier paragraph that is incorporated by reference, there is an allegation that Elkins died as a direct and proximate result of physical injuries sustained by "the shooting, negligent tactics, and unreasonable and excessive use of force inflicted upon him by Pelayo . . . ." See id. at ¶¶ 17, 19. These allegations hint that there were negligent tactics, but there are no factual allegations concerning which tactics were negligent, how those tactics where negligent, or how the tactics caused harm. The term "negligent tactics" is merely a bare legal conclusion. See Bennett v. Skyline Corp., 52 F.Supp.3d 796, 806 (N.D. W.Va. 2014); Mt. Club Owner's Assn. v. Graybar Elec. Co., 2014 U.S. Dist. LEXIS 4783, *6 (E.D. Cal. Jan. 14, 2014); Alcay v. City of Visalia, 2013 U.S. Dist. LEXIS 90160, *32 (E.D. Cal. June 26, 2013). Legal conclusions that are unsupported by factual allegations fail to provide adequate notice under Rule 8; they are implausible and fail to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Electric Props. East, LLC v. Marcus & Millichap Co., 751 F.3d 990, 995-98 (9th Cir. 2014). Thus, there is no plausible negligence wrongful death claim that is stated in the active Complaint. Where a complaint does not include the necessary factual allegations to state a claim, raising such a claim in a summary judgment motion or opposition to summary judgment is improper. See Navajo Nation v. United States Forest Serv., 535 F.3d 1058, 1080 (9th Cir. 2008); Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968-69 (9th Cir. 2006). Because the active Complaint fails to state a plausible claim for negligent wrongful death, raising that theory (along with the specific "tactical" decisions by Pelayo) is improper. See id. On this basis alone, summary judgment is proper.

Doc. No. 126 at 30-31.

The Court also addressed the substance of Plaintiff's negligence wrongful death claim. After identifying the standard for negligence, this Court held:

> Here, the Court has found that Pelayo's use of deadly force was reasonable under the Fourth Amendment. Plaintiffs contend that certain tactical preshooting actions by Pelayo must also be considered in assessing the "totality of the circumstances" for purposes of negligence. Specifically, Plaintiffs fault Pelayo for: (1) attempting

3

to arrest Elkins instead of surveilling him; (2) not using alternative means, including "hands on," to subdue Elkins prior to Elkins jumping the fence; and (3) continuing to pursue Elkins knowing that other law enforcement officers were setting up a perimeter. Because these criticisms are speculative and unsupported by citation to relevant evidence, Pelayo's conduct remains reasonable under the "totality of the circumstances." See Hayes, 57 Cal.4th at 631-32.

First, there is no evidence that Pelayo made the decision to arrest Elkins. The evidence shows that Elkins's conduct caused Ynclan and Commander Haroldsen to decide to arrest Elkins at that time. See DUMF 42; Haroldsen Depo. 25:5-18, 40:23-41:13. Plaintiffs cite no evidence or authority that explains how other officers' command decisions can be imputed to Pelayo, or that it was negligent for Pelayo to follow a change of plans. Moreover, there is no evidence that suggests the decision to arrest Elkins after Elkins again fled was negligent or improper. Elkins was wanted for serious crimes, was near a public business, and multiple officers were involved.

Second, there is no evidence that alternative means, including "hands on," were feasible or reasonable prior to Elkins jumping the fence. Plaintiffs do not discuss or cite evidence that shows that it was proper or advisable to use other specific force methods, especially in light of Elkins's history and the admonition that officers were to "use caution." Further, other than "hands on," there is no evidence that other force methods were even available to Pelayo. For example, there is no evidence that Pelayo had a baton, pepper spray, or a Taser. Finally, Plaintiffs do not explain how Pelayo even had a realistic opportunity to detain Elkins prior to the fence, especially in light of Elkins running from the officers and obstructing pathways in the tire shop.

Third, there is no evidence that a perimeter was being established, or assuming that one was, that Pelayo knew about it. Forrett, 112 F.3d at 420. But even if a perimeter was being established, there is no guarantee that the perimeter was "escape proof," especially given Elkins's ability to successfully evade law enforcement. See id. Moreover, Elkins had been actively and dangerously evading the police for three straight days and he was wanted for inter alia attempted murder of a police officer. It is counterintuitive that a reasonable officer would have just stopped pursuing a suspect like Elkins. Without contrary expert opinion, nothing suggests that Pelayo's pursuit of Elkins was negligent.

Id. at 32-33.

The Court ultimately concluded: "In sum, because the negligence claim is not fairly reflected in the active Complaint, and because Plaintiffs' arguments are unsupported and speculative, summary judgment on this cause of action is appropriate." Id. at 33.

*Legal Standard*

Under the "law of the case" doctrine, a court "is generally precluded from reconsidering an issue decided previously by the same court or by a higher court in the identical case." Hall v. City of L.A., 697 F.3d 1059, 1067 (9th Cir. 2012); Milgard Tempering v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir. 1990). "[A] judgment of reversal by an appellate court is an adjudication only

of matters expressly discussed and decided, which become the law of the case in further proceedings on remand and re-appeal." Rocky Mt. Farmers Union v. Corey, 913 F.3d 940, 951 (9th Cir. 2019) (quoting Hansen & Rowland v. C.F. Lytle Co., 167 F.2d 998, 999 (9th Cir. 1948)). That is, "when matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court." United States v. Houser, 804 F.2d 565, 567 (9th Cir. 1986). "To show that an issue is not controlled by the law of the case, parties must show that it was not 'decided explicitly or by necessary implication' by a prior decision." Rocky Mt. Farmers, 913 F.3d at 951; see also Hall, 697 F.2d at 1067; Milgard Tempering, 902 F.2d at 715. A court's "dicta have no preclusive effect." Milgard Tempering, 902 F.2d at 715.

*Discussion*

Defendant's motion cites Rule 12(c), Rule 12(f), and the Court's inherent authority. However, the substantive argument made by Defendant relates to application of the law of the case doctrine, specifically that the Ninth Circuit opinion did not invalidate this Court's summary judgment analysis of the first cause of action. Essentially, Defendant is requesting the Court to reaffirm its prior summary judgment order in light of the Ninth Circuit's opinion. Because the law of the case doctrine is a "judicial invention," Hall, 697 F.3d at 1067, it seems that Defendant's motion is more accurately based on the Court's inherent authority and may be properly viewed as a motion in limine. Therefore, the Court will not view the motion through the lenses of either Rule 12(c) or Rule 12(f), but will view the motion as a motion in limine to apply the law of the case doctrine.

    1.     Ninth Circuit Opinion

Because the Ninth Circuit has reversed and remanded this case, the Court is bound by the issues decided by the Ninth Circuit. See Rocky Mtn. Farmers, 913 F.3d at 951. Therefore, it is necessary to determine whether the Ninth Circuit either expressly or though necessary implication made non-dicta decisions regarding the first cause of action for wrongful death.

The Ninth Circuit opinion mentions "state law claims" only once. As quoted above, citing *Martinez v. County of Los Angeles*, 54 Cal. Rptr. 2d 772, 780 (Ct. App. 1996), the Ninth Circuit held that "Plaintiffs' state law claims are analyzed under the same standard of objective

5

reasonableness used in Fourth Amendment claims." Doc. No. 133. After reviewing the entirety of the Ninth Circuit opinion, as well as the Court's summary judgment order and Plaintiffs' opposition to summary judgment, the Court concludes that the Ninth Circuit made partial findings regarding the wrongful death claim.

The FAC alleged four state law claims, a wrongful death claim and three survival claims.[1] The survival claims were based on assault, battery, and Cal. Civ. Code § 52.1. Plaintiffs' opposition explained that their wrongful death claim is based on three theories: assault/battery, negligence, and Cal. Civ. Code § 52.1. See Doc. No. 104 at 22:19-24:21.

Ninth Circuit cases have resolved § 52.1, assault, and battery claims through the objective reasonableness standard of the Fourth Amendment. See Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1105-06 (9th Cir. 2014) (Civil Code § 52.1 claim); Cameron v. Craig, 713 F.3d 1012, 1022 (9th Cir. 2013) (same); Johnson v. County of L.A., 340 F.3d 787, 794 (9th Cir. 2003) (assault and battery claims); Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 922 (9th Cir. 2001) (same). Thus, it makes sense to simply reference the Fourth Amendment standard in resolving any California assault, battery, and § 52.1 based claims, including one for wrongful death. Because Plaintiffs' wrongful death claim is based in part on assault, battery, and § 52.1, the Court reads the panel opinion as necessarily finding a valid wrongful death claim based on assault, battery and § 52.1. The Court finds that, under the law of the case doctrine, Plaintiffs are entitled to pursue a wrongful death claim based on assault, battery, and § 52.1.

The same cannot be said of Plaintiffs' negligence based wrongful death cause of action. First, the Ninth Circuit's opinion only generally mentions "state law claims," it nowhere expressly mentions "negligence" or "negligent tactics." Cf. Rocky Mtn. Farmers, 913 F.3d at 951 ("[A] judgment of reversal by an appellate court is an adjudication only of matters expressly discussed and decided . . . .").

---

[1] Wrongful death and survivor/survival claims are separate and distinct causes of action. See Brenner v. Universal Health Services Rancho Springs, Inc., 12 Cal.App.5th 589, 605 & n.9 (2017) (citing Quiroz v. Seventh Ave. Center, 140 Cal.App.4th 1256 (2006)). "Unlike a cause of action for wrongful death, a survivor claim is not a new cause of action that vests in the heirs on the death of the decedent, but is instead a separate and distinct cause of action that belonged to the decedent before death, but by statute, survives that event." Id. at 605 n.9. "[Survival] claims are technically asserted by different plaintiffs and seek compensation for different injuries than the injury asserted in a wrongful death cause of action." Id.

Second, the standard cited by the Ninth Circuit does not apply to negligence based claims. The Ninth Circuit held that Plaintiffs' state law claims were governed by the same "objective reasonableness" standard of the Fourth Amendment. As cited above, Ninth Circuit cases have resolved § 52.1, assault, and battery claims through the objective reasonableness standard of the Fourth Amendment. See Chaudhry, 751 F.3d at 1105-06; Johnson, 340 F.3d at 794. However, as a result of a certified question from the Ninth Circuit, the California Supreme Court has expressly held that, in the context of a use of deadly force, the applicable standard for a state law negligence claim is not the same as the objective reasonableness standard of the Fourth Amendment. See Hayes v. County of San Diego, 57 Cal.4th 622, 639 (2013) (". . . state negligence law, which considers the totality of the circumstances surrounding any use of deadly force, is broader than the federal Fourth Amendment law, which tends to focus more narrowly on the moment when deadly force is used. . . . [A prior case] suggested our acknowledgement that the state and federal standards are not the same, which we now confirm." (citations omitted)). Rather, state law negligence is broader than the Fourth Amendment and includes examination of an officer's "pre-shooting"/tactical conduct. Id. Following *Hayes*, the Ninth Circuit has recognized that the California negligence standard is not the same as the Fourth Amendment standard. See, e.g., Vos v. City of Newport Beach, 892 F.3d 1024, 1037-38 (9th Cir. 2018); C.V. v. City of Anaheim, 823 F.3d 1252, 1257 n.6 (9th Cir. 2016). Plaintiffs themselves expressly stated as part of their opposition to summary judgment that the negligence standard was broader than, and therefore different from, the Fourth Amendment standard. See Doc. No. 104 at 23:5-12. It is highly unlikely that, without any explanation, the panel would adopt a statement of the law that is contrary to the arguments made by the Plaintiffs in this Court, contrary to the California Supreme Court, and contrary to published Ninth Circuit opinions.[2]

---

[2] The California case cited in the panel opinion, *Martinez*, involved two § 1983 claims and one "claim for wrongful death under state common law principles." See Martinez, 54 Cal. Rptr. at 774. However, *Martinez* does not identify which common law principles were involved. A wrongful death claim is purely a creature of statute and may be based on "a wrongful act or neglect." Cal. Civ. Code § 377.60; Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 801-02 (2010). Battery and assault are common law claims. See Patterson v. Domino's Pizza, LLC, 60 Cal.4th 474, 480 (2014). Because the California Supreme Court has held that negligence claims are not governed by the Fourth Amendment's objective reasonableness standard, see Hayes, 57 Cal.4th at 639, the Court cannot read *Martinez* as involving negligence based claims.

7

Third, the Ninth Circuit's rationale for finding a genuine disputed issue of material fact does not apply to the Court's rationale for granting summary judgment on the negligence wrongful death claim. Plaintiffs explained during summary judgment that their negligence wrongful death claim was based on Pelayo's departure from the tactical plan that called for surveillance, Pelayo's failure to attempt "hands on contact" or "any other method of force," and Pelayo's continued pursuit when he knew that other officers were on scene and setting up a perimeter. See Doc. No. 104 at 23:12-19.[3] As discussed above, the Court found that summary judgment on the negligent wrongful death claim was appropriate because a negligence based claim was not adequately pled (under the *Iqbal*/*Twombly* standard) in the FAC, and Plaintiffs had failed to submit sufficient evidence to support the three expressly identified instances of negligent tactics. Specifically, the Court held that the evidence indicated that Defendant's superiors made the decision to attempt to arrest Elkins and no evidence indicate that the decision to arrest was improper; there was no evidence that "hands on" was a viable alternative and there was no evidence that Defendant could have used other methods of subduing Elkins; and there was no evidence that a perimeter was being set up or if there was that Defendant knew about it. However, the Ninth Circuit's opinion does not address any pleading issues in the FAC or whether there was sufficient evidence to support the negligent tactics identified by Plaintiffs. The Ninth Circuit found genuine disputed issues of material fact based on whether Elkins was reaching for his waistband and on whether the use of force was reasonable. See Doc. No. 133. The evidentiary basis relied on by the panel majority was that the testimony of Guzman and Ynclan was not sufficiently clear to establish that Elkins reached for his waist band, Elkins was running away and Defendant had no reason to believe that Elkins was armed; Defendant may have lied about what was said during a briefing regarding Elkins being armed; and there was a prior instance of Defendant running after a suspect and then

---

[3] The Court does not read Plaintiffs' opposition to this motion as attempting to allege a negligent wrongful death claim that is different from the one identified in their opposition to summary judgment. Cf. Doc. No. 182 at 10:5-7 ("By the summary judgment stage, discovery had been sufficiently developed Defendant had ample notice of Plaintiffs' contention that pre-contact tactics were part of the basis of Plaintiffs' complaint."). Therefore, all references to Plaintiffs' "negligent wrongful death claim" or "negligent tactics wrongful death claim" is a reference to the claim described on page 23 of Plaintiffs' opposition to summary judgment, i.e. a claim based on the three identified pre-shooting/tactical decisions by Defendant.

telling the suspect that he was lucky he wasn't shot.[4]  See id.  This rationale does not address or deal with the pleading concerns, and it does not address any decision to arrest, whether a perimeter was being put in place, or whether Defendant could have used "hands on" or another force option other than his firearm.  Even if Defendant lied at some point in his testimony or Elkins was not reaching for his waistband, these facts are not inconsistent with a pleading failure or the Court's conclusions regarding the three expressly identified negligent tactics by Defendant.

For these reasons, the Court concludes that the Ninth Circuit opinion did not make any rulings in its remand order regarding Plaintiff's negligent wrongful death claim.  See Rocky Mt. Farmers, 913 F.3d at 951; Hall, 697 F.2d at 1067; Milgard Tempering, 902 F.2d at 715.

2. Summary Judgment Order

Having concluded that the Ninth Circuit's majority opinion does not address the Plaintiffs' negligent wrongful death claim, the issue becomes whether the Court should either reconsider its rulings or grant Plaintiffs leave to amend.

The Court's summary judgment rulings were based on what Plaintiffs had argued in their opposition.  Plaintiffs stated that their negligent wrongful death claim was essentially a negligent tactics claim based on three acts by Defendant:  (1) deviating from the tactical plan by deciding to arrest instead of just surveil; (2) not attempting a "hands on" or other non-lethal/less lethal seizure; and (3) not letting a police perimeter trap Elkins.  With this understanding of Plaintiffs' claim, the Court's pleading analysis remains valid.  None of the three negligent tactics are identified in the FAC.  While Plaintiffs did use the term "negligent tactics" as part of a paragraph that was incorporated by reference into the first cause of action,[5] as explained in the summary judgment order, that is simply a legal conclusion that does not state a plausible claim under *Iqbal*/*Twombly*.

---

[4] During summary judgment, the Court held that the prior instance of Pelayo's encounter with a running suspect was inadmissible under Federal Rules of Evidence 403 and 404.  The Ninth Circuit did not address this Court's admissibility ruling, but the majority opinion curiously states that it did not need to resolve the issue of whether the evidence was admissible under these rules "at this time."  See Doc. No. 133.

[5] Under each cause of action, the FAC incorporated all prior paragraphs without limitation.  See Doc. No. 72.  While incorporation by reference is permissible, the wholesale incorporation of every proceeding paragraph is generally considered an improper pleading practice that does not satisfy Rule 8's requirements.  See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

Therefore, the Court continues to find that Plaintiffs' negligent tactics wrongful death claim is not adequately pled in the FAC.[6]

In terms of granting leave to amend,[7] amendment under Rule 15(b) need not be permitted if the amendment would be futile. See United States v. Gila Valley Irrigation Dist., 859 F.3d 789, 804 (9th Cir. 2017); Madeja v. Olympic Packers, 310 F.3d 628, 636-37 (9th Cir. 2002). As discussed above, during summary judgment, Plaintiffs explained their negligent tactics wrongful death claim and had the opportunity to submit evidence to show that a genuine dispute existed. With respect to the decision to arrest, the Court held that there was no evidence that Defendant made the decision to arrest, there was no evidence that Defendant was negligent in attempting to follow the orders of his superiors to make an arrest, and there was no evidence that the decision to arrest was itself negligent. With respect to "hands on" or other force options, the Court held that there was no evidence that hands on or other methods could have been attempted under the facts of the encounter, nor was there evidence that Defendant had access to any other non-lethal or less-lethal force options. With respect to waiting for a perimeter to trap Elkins, the Court held that there was no evidence that a perimeter was being established, there was no evidence that the perimeter would be sufficiently escape proof, and there was no evidence that Pelayo knew that a perimeter was being established (if one was actually being established). Plaintiffs have not addressed these findings and have failed to show how the Court's analyses were incorrect and clearly erroneous. Cf. Rocky Mtn. Farmers, 913 F.3d at 951 (noting an exception to the law of the case doctrine "if the court is convinced that its prior decision is clearly erroneous and would work a manifest injustice." (quoting Pepper v. United States, 562 U.S. 476, 506-07 (2011)).

---

[6] As part of the opposition, Plaintiffs have attached the expert report of Roger Clark to show that Defendant "had ample notice of Plaintiffs' contention that pre-contact tactics were part of the basis of Plaintiffs' complaint." Doc. No. 182 at 10:5-7 & Ex. A. However, while Clark's report indicates that "out of policy tactics" were involved, his report does not identify or explain any specific tactical error, let alone identify or discuss the three specific tactical acts identified by Plaintiffs.

[7] Plaintiffs do not address the authority cited by this Court that states that raising a theory in opposition to summary judgment that is not reflected in the complaint is improper. E.g. Navajo Nation v. United States Forest Serv., 535 F.3d 1058, 1080 (9th Cir. 2008). Nevertheless, Plaintiffs have cited Ninth Circuit authority that indicates a court should treat new theories raised in an opposition as a request to amend under Rule 15(b). E.g. Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014). There is tension between these Ninth Circuit authorities. Because the Court concludes that amendment is improper under Rule 15 because of futility, the Court need not resolve the apparent tension between cases like *Desertrain* and *Navajo Nation*.

10

Therefore, the Court continues to conclude that there is an insufficient factual basis for the Plaintiffs' negligent tactics wrongful death claim. Because the Plaintiffs' negligent tactics wrongful death claim does not have a sufficient factual basis that can withstand summary judgment, amendment of the complaint to pursue such a claim would be futile. See Gila Valley, 859 F.3d at 804; Majeda, 310 F.3d at 636-37.

## CONCLUSION

The Ninth Circuit reversed this Court's summary judgment order. The Court finds that the Ninth Circuit necessarily found viable wrongful death claims based on assault/battery and § 52.1. However, the Ninth Circuit did not address, either expressly or by necessary implication, Plaintiffs' negligent wrongful death claim. Therefore, the Court's summary judgment analysis of that claim continues to hold. The Court again concludes that the FAC does not plausibly plead Plaintiffs' negligent tactics wrongful death claim, and that Plaintiffs failed to submit sufficient evidence to raise a genuine disputed issue of material fact with respect to the three expressly identified instances of negligent acts/tactics by Defendant. Because Plaintiffs have not shown that the Court's analyses were incorrect, the lack of an adequate factual basis for their negligent tactics wrongful death claim renders any amendment futile. Therefore, the Court will grant in part Defendant's motion, reaffirm its rulings regarding Plaintiffs' negligent tactics wrongful death claim, and preclude Plaintiffs from pursuing such a claim at trial.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion regarding Plaintiffs' first cause of action (Doc. No. 164) is GRANTED in part and DENIED in part;
2. The Court REAFFIRMS its summary judgment determination regarding Plaintiffs' claim for negligent tactics wrongful death;
3. Plaintiffs are PRECLUDED from pursuing a claim for negligent tactics wrongful death; but may pursue a wrongful death claim based on assault, battery, and Cal. Civ. Code § 52.1; and

4. Once a guardian ad litem has been appointed for the two minor Plaintiffs, the Court will set a telephonic status conference in order to discuss the setting of a new motions in limine hearing/trial confirmation date and trial date.

IT IS SO ORDERED.

Dated: __June 4, 2019__  _____
SENIOR DISTRICT JUDGE