**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CECIL ELKINS, JR., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>HIPOLITO PELAYO,<br><br>    Defendant. | Case No. 1:13-cv-01483-AWI-SAB<br><br>ORDER APPOINTING TIMOTHY BRAGG AS GUARDIAN AD LITEM FOR MINORS DEVIN ELKINS AND DYLAN ELKINS<br><br>(ECF Nos. 191, 192) |

On June 5, 2019, petitions were filed to have Timothy Bragg, Esq. appointed as guardian ad litem for the minor Plaintiffs Devin Elkins and Dylan Elkins in this matter.

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of an incompetent person may sue or defend on the incompetent person's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id. A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the

guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

Local Rule 202 of the Eastern District of California provides that

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a).

In this instance, Mr. Bragg has provided a declaration stating that he has been appointed by the Tulare Juvenile Court to represent Plaintiffs' Dylan Elkins and Devin Elkins in juvenile dependency matters proceeding in Tulare Superior Court Case Number J68968. (Decl. of Timothy Bragg in Support of Petition for Guardian Ad Litem ¶¶ 4, 5, ECF No. 191, 192.) Mr. Bragg states that he does not have any interests in this litigation adverse to the interests of the minors and consents to act as guardian ad litem for the minor for the duration of the litigation. (Id. at ¶ 6.)

The Court has considered the petitions for appointment of Timothy Bragg as guardian ad litem for Dylan Elkins and Devin Elkins who are minor plaintiffs in this action and finds no conflict that would preclude him serving as a guardian ad litem for the minors and that he is an appropriate guardian ad litem.

Accordingly, IT IS HEREBY ORDERED, that Timothy Bragg, Esq. is appointed as guardian ad litem for Dylan Elkins and Devin Elkins.

IT IS SO ORDERED.

Dated: **June 6, 2019**

_____
UNITED STATES MAGISTRATE JUDGE

2