MICHAEL J. CURLS (SBN 159651)
NICHELLE D. JONES (SBN 186308)
**LAW OFFICE OF MICHAEL J. CURLS**
4340 Leimert Blvd., Suite 200
Los Angeles, CA 90008
Telephone:  (323) 293-2314
Facsimile:   (323) 293-2350

Attorneys for Plaintiffs THE ESTATE OF CECIL ELKINS, JR., CREASHA ELKINS, VALIECIA PEREZ, DYLAN ELKINS, DEVIN ELKINS, TINA TERREL and CECIL ELKINS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CECIL ELKINS, JR., CREASHA ELKINS, individually and as Guardian Ad Litem for VALIECIA PEREZ, DY. ELKINS and DE. ELKINS, TINA TERREL and CECIL ELKINS<br>　　　　Plaintiffs,<br><br>vs.<br><br>CALIFORNIA HIGHWAY PATROL, STATE OF CALIFORNIA, COUNTY OF TULARE, TULARE COUNTY SHERIFF'S DEPARTMENT, TULARE COUNTY REGIONAL GANG ENFORCEMENT TEAM, CITY OF PIXLEY, and DOES 1 THROUGH 25, INCLUSIVE,<br><br>　　　　Defendants | Case No.: 1:13-CV-01483-AWI-SAB<br><br>PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO DISQUALIFY DEFENSE COUNSEL<br><br>Date:    February 24, 2020<br>Time:   1:30 p.m.<br>Dept:   2, 8th Floor<br>Judge:  Hon. Anthony W. Ishi |

COMES NOW PLAINTIFFS THE ESTATE OF CECIL ELKINS, JR., et al. and replies to Defendant HIPOLITO PELAYO'S Opposition to Motion to Disqualify Defense Counsel.

# TABLE OF CONTENTS

| | |
|---|---|
| **MEMORANDUM OF POINTS AND AUTHORITIES** | 1 |
|   I.  INTRODUCTION | 1 |
|   II.  ARGUMENT | 2 |
|       A.  THE LAW OFFICE OF MICHAEL J. CURLS HAS STANDING TO FILE THIS MOTION | 2 |
|       B.  TIMOTHY BRAGG IS NOT THE MINORS' ATTORNEY OF RECORD IN THIS CASE | 2 |
|   III.  CONCLUSION | 4 |

# TABLE OF AUTHORITIES

**Cases**

| | |
|---|---|
| *Colyer v. Smith* (1999) 50 F. Supp.2d 966 | 2 |
| *Torres v. Friedman* 91985) 169 Cal.App.3d 880 | 2, 3 |

**Statutes**

| | |
|---|---|
| United States District Court, Eastern District of California, Local Rule 182 | 3 |
| Welfare and Institutions Code §634.6 | 2 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Timothy Bragg has not opposed Plaintiff's order.  Per order of this Court, any opposition to this motion was to be filed by January 13, 2020 at 3:00 p.m., P.S.T..  [Doc.211] In blatant disregard of this Court's order, Mr. Rogoyski filed an opposition at 4:20 p.m.  [Doc.213]

The Law Office of Michael J. Curls has standing to move to disqualify Timothy Bragg as Guardian Ad Litem to Dy. Elkins and De. Elkins because this office remains attorney of record for the minor plaintiffs.  More important, as set forth in Plaintiffs' moving papers, the conduct of Mr. Bragg in sharing confidential information about the case with opposing counsel sabotages counsel's ability to effectively present their case.  As such, this office has personally suffered an injury in fact resulting from Mr. Bragg's conduct.

Timothy Bragg is not the attorney of record for Dy. Elkins and De. Elkins in this case.  Thus, Mr. Bragg's approval is not necessary to bring this motion, particularly whereas here, Mr. Bragg is not acting in the minor's best interest by accepting a settlement in case based solely on the advice and representations of opposing counsel.

Although not before this court, there are absolutely no grounds for The Law Office of Michael J. Curls to withdraw as counsel for Dy. Elkins and De. Elkins.

///

///

## II.

## ARGUMENT

### A. THE LAW OFFICE OF MICHAEL J. CURLS HAS STANDING TO FILE THIS MOTION

Standing is a jurisdictional matter that goes to the power of a federal court to decide an issue placed before it.  The requirements necessary for any party to seek relief from a federal court, are that the party have personally suffered an "injury in fact," which is causally related to the conduct in issue and redressable by a favorable decision of the court.  *Colyer v. Smith* (1999) 50 F. Supp.2d 966, 968.  As set forth in Plaintiffs moving papers, the conduct of Mr. Bragg having ex parte settlement communications with Mr. Rogoyski substantially affects Plaintiffs' counsel's inability to litigate this case.  Therefore, this office has standing.

### B. TIMOTHY BRAGG IS NOT THE MINORS' ATTORNEY OF RECORD IN THIS CASE

Timothy Bragg did not have authority to "assume the role of attorney" in this action.

Once counsel enters an appearance on behalf of a minor, he or she must continue to represent that minor unless relieved by the Court.  Welfare and Institutions Code § 634.6  The appointment, discharge or withdrawal of an attorney of record for a ward appearing through a Guardian Ad Litem requires court approval.  *Torres v. Friedman* (1985) 169 Cal.App.3d 880, 887, 215 Cal.Rptr. 604, 608; *see also* Local Rule 182(b).

In *Torres*, an attorney was retained by a Guardian Ad Litem to represent a minor's interest in a personal injury action. The attorney and Guardian Ad Litem attempted to obtain the Guardian Ad Litem's signature on a Substitution of Attorney form to allow the attorney to withdraw from the case.  The court held

2

that absent court approval, the guardian's consent was ineffective to permit the attorney to withdraw from representation of the minor who appeared in the action through the Guardian Ad Litem because the guardian is not Attorney's client. *Torres v. Friedman supra* at 887-888.

Therefore, Timothy Bragg's statement that he "assumed the role of attorney" in this case is insufficient to place Mr. Bragg into the shoes of minor's retained counsel, The Law Office of Michael J. Curls.

Additionally, Mr. Bragg has not made an appearance in this case as attorney for the minors.

Appearance as an Attorney of record is made "(i) by signing and filing an initial document; (ii) by causing the attorney's name to be listed in the upper left-had corner of the first page of the initial document; (iii) by physically appearing at a court hearing in the matter, formally stating the appearance on the record, and then signing and filing a confirmation of appearance within seven (7) days; or (iv) by filing and serving on all parties a substitution of attorney as provided in (g)". Local Rule 182(a)(2)

"Except as permitted in (b)[1] and except as the court may allow a courtesy appearance in criminal actions, no attorney may participate in any action unless the attorney has appeared as an attorney of record.:"  Local Rule 182 (a) (1)

Mr. Rogoyski knew at the time that he had ex parte communications with Mr. Bragg that the Law Office of Michael J. Curls was attorney of record for Dy. Elkins and De. Elkins. Thus, this communication was inappropriate per the California and Mode Rules of Professional Conduct.

Mr. Curls admonishments to Mr. Rogoyski and Mr. Bragg were completely in line with the mandates of professional responsibility. It was not inappropriate to

---

[1] Local Rule 182(b) refers to appearances by attorneys in organizations.

3

**MOTION TO DISQUALIFY COUNSEL**
**(Elkins v. C.H.P. 1:13-CV-01483-AWI)**

question how Mr. Bragg could enter into a settlement agreement "in principle" without ever having a conversation with the attorneys who had spent over six-years litigating the case or inquiring about the terms of the fee agreement between his clients and this office.

The District of Columbia Bar Opinion cited by the defense is not applicable here because that opinion is specific to child abuse proceedings.

Mr. Rogoyski's ex parte communication with Mr. Bragg screams of impropriety because at no time to date, has Mr. Rogoyski communicated to this office the terms of the settlement conveyed to Mr. Bragg. If Mr. Rogoyski desired in good faith to resolve this matter, he should have followed the proper and ordinary protocol of submitting an offer to minor's counsel which could have been shared with Mr. Bragg, giving counsel and Mr. Bragg the opportunity to engage in meaningful dialogue about the strengths and weaknesses of the case.  The only reason that Mr. Rogoyski did not take that route is because he was aware that his office and this office had different opinions about the settlement value of this case.

### III.

### CONCLUSION

Timothy Bragg is not acting in the best interests of Dy. Elkins and De. Elkins.  Mr. Rogoyski has informed this court and counsel that he and Mr. Bragg have reached a settlement agreement "in principle."  To do so, either Mr. Bragg and Mr. Rogoyski had substantive ex parte communications about the case or alternatively, Mr. Bragg resolved a case on behalf of the minor plaintiffs based on the sole advice and representations of defense counsel.  Either action disqualifies Mr. Bragg to act as

///

Guardian Ad Litem and there has been no argument to support why Mr. Bragg should not be disqualified as Guardian Ad Litem in this case. As a result, the instant motion should be granted.

DATED: January 21, 2020              **LAW OFFICE OF MICHAEL J. CURLS**

By: _____/s/Nichelle D. Jones_____
Nichelle D. Jones, Attorneys for Plaintiffs