# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CECIL ELKINS, JR., et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>HIPOLITO PELAYO,<br><br>        Defendant. | Case No. 1:13-cv-01483-AWI-SAB<br><br>ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY DEFENSE COUNSEL AND MOTION TO REMOVE TIMOTHY BRAGG AS GUARDIAN AD LITEM<br><br>(ECF Nos. 203, 204, 212, 213, 216, 217, 218, 223, 224) |

Currently before the Court are a motion to disqualify defense counsel and a motion to remove guardian ad litem Timothy Bragg brought by the estate of Cecil Elkins, Jr.; Creasha Elkins; minors Valiecia Elkins, Dylan Elkins, and Devin Elkins; and Tina Terrel[1] (collectively ("Plaintiffs") which were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (ECF No. 219).

Oral argument on the motions was held on February 26, 2020. Counsel Michael J. Curls and Nichelle Jones appeared for Plaintiffs and counsel Robert Rogoyski appeared for Hipolito Pelayo ("Defendant"). Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, and arguments presented at the February 26, 2020

---

[1] The claims of Cecil Elkins, Sr. were dismissed with prejudice on September 16, 2019. (ECF No. 199.)

hearing, as well as the Court's file, the Court issues the following order.

# I.

## RELEVANT BACKGROUND

This matter was filed on September 12, 2013 based on an incident that occurred on November 13, 2012 in which Cecil Elkins, Jr. was shot and killed by law enforcement. (ECF No. 1.) The plaintiffs remaining in this action are Creasha Elkins, the decedent's surviving spouse; Valiecia Perez, the decedent's daughter; Tina Terrel, the decedent's mother; and his minor sons, Dylan Elkins and Devin Elkins. (Id.) Initially, Creasha Elkins filed a petition for appointment as guardian ad litem for Valiecia Perez, Dylan Elkins and Devin Elkins. (ECF Nos. 6,7.) No order issued addressing the petitions.

After Dylan Elkins and Devin Elkins were placed in dependency proceedings, Cecil Elkins, Sr. filed a petition for appointment as their guardian ad litem. (ECF Nos. 118, 119.) On June 28, 2016, the petitions for appointment of guardian ad litem were granted and Cecil Elkins was appointed as guardian ad litem for Devin Elkins and Dylan Elkins. (ECF No. 121.) On June 28, 2016, a petition for appointment of guardian ad litem was granted and Creasha Elkins was appointed as guardian ad litem for Valiecia Perez. (ECF No. 122.)

On July 30, 2016, the defendant's motion for summary judgment was granted and judgment was entered in the action. (ECF Nos. 126, 127.) Plaintiffs filed an appeal that was processed to the Ninth Circuit Court of Appeals on July 13, 2016. (ECF Nos. 128, 129.) On June 13, 2018, the Ninth Circuit reversed and remanded the action. (ECF No. 133.) The mandate issued on August 2, 2018. (ECF No. 134.) On remand, the pretrial order issued setting this matter for a jury trial. (ECF No. 141.) Subsequently, on December 10, 2018, a notice was filed informing the Court that Cecil Elkins, Sr. was deceased. (ECF No. 163.)

On March 12, 2019, proposed orders were filed to substitute Dennis Elkins as guardian ad litem for Devin Elkins and Dylan Elkins. (ECF Nos. 169, 170.) On March 13, 2019, orders were filed appointing Dennis Elkins as guardian ad litem for Devin Elkins and Dylan Elkins. (ECF Nos. 171, 172.) On March 28, 2019, a motion for reconsideration of the order appointing Dennis Elkins as guardian ad litem for Devin Elkins and Dylan Elkins was filed by Defendant.

(ECF No. 178.)  On May 3, 2019, United States District Judge Anthony Ishii filed an order granting the motion to disqualify Dennis Elkins as guardian ad litem for the minor Plaintiffs as unopposed.  (ECF No. 186.)

On June 5, 2019, proposed orders were filed seeking appointment of Timothy Bragg as guardian ad litem for Plaintiffs Dylan Elkins and Devin Elkins.  (ECF Nos. 191, 192.)  On June 7, 2019, Timothy Bragg was appointed as guardian ad litem for Dylan Elkins and Devin Elkins. (ECF No. 193.)

On September 16, 2019, an informal telephonic conference was held at which time defense counsel reported a possible settlement with the minor plaintiffs.  (ECF No. 200.) Plaintiffs' counsel objected stating that they were unaware of any settlement efforts with their minor clients.  (Id.)  On November 12, 2019, Defendant filed a request that this action be referred to a settlement judge regarding the minor plaintiffs' claims.  (ECF No. 202.)  On November 17, 2019, Plaintiffs filed the instant motions to disqualify defense counsel and remove Mr. Bragg as guardian ad litem.  (ECF Nos. 203, 204.)  The request for a settlement referral was denied without prejudice.  (ECF No. 205.)

On January 14, 2020, oppositions to the motions were filed.  (ECF Nos. 212, 213.) Plaintiffs filed replies on January 21, 2020.[2]  (ECF Nos. 214-218.)  On February 7, 2020, the matters were referred to the undersigned for the issuance of findings and recommendations. (ECF No. 209.)  On February 13, 2020, Defendant filed a request for leave to file a notice of new facts and a related motion.  (ECF No. 223.)  Plaintiffs' filed a response on February 14, 2020. (ECF No. 224.)

## II.

## LEGAL STANDARD

### A.    Disqualification of Counsel

The Local Rules of the Eastern District of California ("L.R.") provide that attorneys practicing in this court are required to "comply with the standards of professional conduct

---

[2] On February 21, 2020, Plaintiffs filed a notice of errata stating that documents 214 and 215 were erroneously filed and requested that they be disregarded.  The Court shall disregard ECF Nos. 214 and 215.

required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and court decisions applicable thereto, which are hereby adopted as standards of professional conduct in this Court. In the absence of an applicable standard therein, the Model Rules of Professional Conduct of the American Bar Association may be considered guidance." L.R. 180(e).

Rule 4.2 of the Rules of the California State Bar states, "In representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer." CA ST RPC Rule 4.2(a). This rule applies even where the represented person initiates or consents to the communication and the lawyer is to immediately terminate communication with the represented person. Comment [1] to CA ST RPC Rule 4.2.

> The prohibition against communicating "indirectly" with a person represented by counsel in paragraph (a) is intended to address situations where a lawyer seeks to communicate with a represented person through an intermediary such as an agent, investigator or the lawyer's client. This rule, however, does not prevent represented persons from communicating directly with one another with respect to the subject of the representation, nor does it prohibit a lawyer from advising a client concerning such a communication. A lawyer may also advise a client not to accept or engage in such communications. The rule also does not prohibit a lawyer who is a party to a legal matter from communicating on his or her own behalf with a represented person in that matter.

Comment [3] to CA ST RPC Rule 4.2.

Rule 4.2 of the Model Rules of Professional Responsibility also provides that a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter without the consent of the other lawyer or if authorized to do so by law or a court order. This rule applies even if the represented person initiates or consents to the representation and the lawyer must immediately terminate communication. Comment [3] to Model Rules.

> The prohibition on communications with a represented person only applies in circumstances where the lawyer knows that the person is in fact represented in the matter to be discussed. This means that the lawyer has actual knowledge of the fact of the representation; but such actual knowledge may be inferred from the circumstances. See Rule 1.0(f). Thus, the lawyer cannot evade the requirement of obtaining the consent of counsel by closing eyes to the obvious.

Comment [8] to Model Rules.

"The authority of a trial court to disqualify an attorney derives from the power inherent in every court [t]o control in furtherance of justice, the conduct of its ministerial officers." Beltran v. Avon Prod., Inc., 867 F.Supp.2d 1068, 1076 (C.D. Cal. 2012) (citing City & Cnty. of S.F. v. Cobra Solutions, Inc. ("Cobra Solutions"), 38 Cal.4th 839, 846 (2006) and United States v. Wunsch, 84 F.3d 1110, 1114 (9th Cir. 1996)). Disqualification of counsel due to an ethical violation is a discretionary exercise of the trial court's inherent powers." Crenshaw v. MONY Life Ins. Co., 318 F.Supp.2d 1015, 1020 (S.D. Cal. 2004); Wunsch, 84 F.3d at 1114. The federal court is to apply state law in determining matters of disqualification of counsel. In re Cty. of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000); W. Sugar Coop. v. Archer-Daniels-Midland Co., 98 F.Supp.3d 1074, 1080 (C.D. Cal. 2015).

> Motions to disqualify counsel' are especially prone to tactical abuse because disqualification imposes heavy burdens on both the clients and courts: clients are deprived of their chosen counsel, litigation costs inevitably increase and delays inevitably occur. As a result, these motions must be examined 'carefully to ensure that literalism does not deny the parties substantial justice.' At the same time, we recognize that disqualification of counsel is necessary under certain circumstances, to protect the integrity of our judicial process by enforcing counsel's duties of confidentiality and loyalty.

Sharp v. Next Entm't, Inc., 163 Cal.App.4th 410, 424 (2008) (quoting People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems Inc. ("SpeeDee Oil"), 20 Cal.4th 1135, 1145–1146 (1999)); see also Beltran, 867 F.Supp.2d at 1077 (disqualification is a drastic remedy that is generally disfavored and imposed only when absolutely necessary).

Disqualification of counsel may be necessary to prevent attorneys from breaching their ethical duties, and it also protects the judicial process from any taint of unfairness that might arise from conflicts of interests. Sharp, 163 Cal.App.4th at 425. "Ultimately, disqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility." Id. (quoting Cobra Solutions, 38 Cal.4th 839, 846 (2006)). "In considering a motion to disqualify, the district court must make findings supported by substantial evidence." Beltran, 867 F.Supp.2d at 1077.

/ / /

**B.    Disqualification of Guardian Ad Litem**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a minor may sue by a next friend or guardian ad litem.  Fed. R. Civ. P 17(c)(12).  "The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Id.  "The role of the guardian ad litem is to protect the incompetent person's rights in the action, to control the litigation, to compromise or settle, to direct the procedural steps, and make stipulations."  Elliott v. Versa CIC, L.P. ("Versa"), 328 F.R.D. 554, 556 (S.D. Cal. 2018) (quoting Golin v. Allenby, 190 Cal.App.4th 616, 644 (2010).

The Court has the discretion to "remove a guardian ad litem if [he] acts contrary to the best interests of the minor or incompetent plaintiff, has a conflict of interest with the minor or incompetent plaintiff, or demonstrates an inability or refusal to act."  Versa, 328 F.R.D. at 556.

**III.**

**ARGUMENTS OF THE PARTIES**

Plaintiffs move to disqualify defense counsel and remove guardian ad litem Timothy Bragg arguing that a conflict of interest has arisen in light of ex parte communications that have occurred outside of the presence of Plaintiffs' counsel.  Plaintiffs contend that it is apparent that substantive communications have occurred because at the September 16, 2019 hearing, Mr. Rogoyski announced that a settlement, in principal, had been reached with the minor plaintiffs. Plaintiffs state that at that time there had been no settlement discussions with their attorneys, Michael Curls or Nichelle Jones.  Plaintiffs argue that there is an adversarial relationship between Plaintiffs' counsel and Mr. Bragg and Mr. Rogoyski which creates a conflict of interest.

Plaintiffs argue that they are prejudiced to the extent that Mr. Bragg shared any information with Mr. Rogoyski regarding the family dynamics in this matter.  Further, Plaintiffs argue that Mr. Rogoyski may be providing legal counsel to Mr. Bragg on motions to file, such as which actions should be initiated in probate court to protect the minors against Dennis Elkins or filing a motion to approve the minors' compromise or advising Mr. Bragg on how to eliminate Plaintiffs' counsel to recover attorney fees in this matter.  Further, Plaintiffs contend that they are now in a position that they cannot conduct candid conversations with Mr. Bragg regarding this

matter due to concern that he would not honor the attorney client privilege that would exist between counsel and the minor plaintiffs.  Plaintiffs seek to remove Mr. Bragg as guardian ad litem and disqualify Mr. Rogoyski and the State Attorney General's Office as counsel in this case and to enjoin Mr. Rogoyski and his office from sharing information learned from Mr. Bragg with newly substituted counsel.

Plaintiffs contend the Mr. Rogoyski contacted the minors' foster mother to arrange depositions while knowing that they were represented by counsel.  After Mr. Elkins Sr.'s death, Plaintiffs' counsel was informed by the foster mother that she was contacted by Mr. Rogoyski and informed that Dennis Elkins was deliberately committing fraud against the minor plaintiffs by cutting them out of Mr. Elkins Sr.'s estate.  Plaintiffs contend that Mr. Rogoyski has continued to have ex parte communications with Mr. Bragg after his appointment as guardian ad litem.

Plaintiffs argue that despite the lack of case law addressing a counsel's ability to have ex parte communications with a guardian ad litem, it is clear from the applicable rules, case law, and other opinions that such conduct violates the rules.  Plaintiffs contend that by the time their counsel contacted Mr. Bragg to discuss case strategy his mind was made up and he was poisoned against Plaintiffs' counsel.  When Mr. Curls contacted Mr. Bragg to introduce himself, Mr. Bragg informed him that he was committed to accepting a settlement offer from the defense.  Plaintiffs contend that Mr. Bragg's decision to accept an offer based solely on the representations of defense counsel creates an incurable conflict of interest.  Mr. Rogoyski informed Plaintiffs' counsel that Mr. Bragg was researching the validity of the attorney client contract between their office and the minor plaintiffs.  Further, Plaintiffs argue that Mr. Rogoyski has placed himself in a position as advocate for Defendant Pelayo as well as the minor plaintiffs and their guardian ad litem.

Defendant counters that counsel's actions have been proper at all times and this motion has been brought as a form of gamesmanship to prevent the minor plaintiffs from settling their claims.  As to the motion to disqualify the guardian ad litem, Defendant argues that Mr. Curls and Ms. Jones do not have standing to move for disqualification of the state appointed attorney

and guardian ad litem.  To the extent that Plaintiffs' counsel believe they can no longer cooperate or communicate with Mr. Bragg, Defendant asserts that the California Rules require counsel to withdraw from representation and they cannot fire a client representative.  Defendant also argues that the motion provides no evidence or explanation as to how Mr. Bragg has a divided loyalty to some other party than the minor plaintiffs.  To the extent that the minor plaintiffs' interests are diverse to the other plaintiffs represented by Mr. Curls and Ms. Jones this inures to the detriment of Mr. Curls and Ms. Jones.

Defendant contends that while Plaintiffs' counsel contend that they should have been included in any settlement negotiations regarding the minor plaintiffs, Plaintiffs' counsel undertook representation of the minor plaintiffs' uncle, Dennis Elkins, who was trying to defraud the minor plaintiffs in the probate court.  Defendant contends that Plaintiffs' counsel became subject to a disqualifying conflict of interest based on their joint representation of Dennis Elkins and the minor plaintiffs.  Defendant contends that under the State's ethics rules, Mr. Curls and Ms. Jones should have disqualified themselves from representing the minor plaintiffs due to this conflict of interest but did not do so.

Defendant contends that after Mr. Bragg, who was the attorney appointed to represent the minors in the state court after they were removed from their mother's custody, discovered the fraud by Dennis Elkins he filed a motion to be appointed guardian ad litem in the state probate action.  Mr. Bragg concluded that Jones and Curls could no longer represent the minors in this federal action due to their conflict of interest, as well as evidence that they were allowing Dennis Elkins to interfere with settlement efforts.  Mr. Bragg investigated and felt that settlement of the minor plaintiffs' claims may be in their best interest but he was informed by Ms. Jones that the paternal uncle was unwilling to settle the claims at this time.  Mr. Bragg informed defense counsel that he would assume the role as attorney for settlement negotiations because he had been appointed their attorney under California Welfare and Institutions Code section 317.  In reliance on these statements, Mr. Rogoyski began settlement negotiations directly with Mr. Bragg.  Further, Defendant asserts that when settlement of the minor plaintiffs' claims was broached with Mr. Curls and Ms. Jones, they threatened to file a complaint with the State Bar

against Mr. Bragg because he did not conduct an investigation into their litigation costs and fees. Defendant contends that because Mr. Bragg assumed the dual role as attorney and guardian ad litem their communications were proper at all times.

Plaintiffs reply that Mr. Rogoyski's sole purpose in contacting Mr. Bragg about settlement of the minor plaintiffs' claims in this action was to persuade Mr. Bragg to settle the case for a nominal "less than cost of defense" settlement without the input of Plaintiffs' counsel of record. Plaintiffs contend that there was never any settlement offer extended on behalf of the minor plaintiffs and therefore Dennis Elkins could not have interfered with settlement of their claims in this action. Further, Plaintiffs argue that the California Welfare and Institutions Code does not allow Mr. Bragg to step into the shoes of attorney of record in this federal case. Since Mr. Bragg had no discussions on the merits of the action with Mr. Combs or Ms. Jones, Plaintiffs contend that he had to have had substantive communications on the merits with Mr. Rogoyski. Plaintiffs argue that because Mr. Bragg made the decision to settle this action solely based on his communications with Mr. Rogoyski a conflict of interest exists necessitating the removal of Mr. Rogoyski and the Office of the Attorney General in this matter. Plaintiffs argue that Mr. Rogoyski has failed to consider what would happen if the other plaintiffs were to receive a sizeable judgment in the case after the minor plaintiffs accepted a less than cost of defense settlement based solely on the advice of defense counsel.

Plaintiffs reply that they do have standing to seek to remove the guardian ad litem because they remain the attorney of record for the minor plaintiffs. Further, they contend that Mr. Bragg shared confidential information about the case with opposing counsel that sabotages counsel's ability to effectively present their case.

Defendant filed a request to file a notice of new facts. Defendant contends that Plaintiff Creasha Elkin's statement in opposition to the motion to dismiss that she should be able to continue on the survival cause of actions without the participation of the Plaintiffs Dylan Elkins and Devin Elkins demonstrates that a conflict of interest exists between the minor plaintiffs and the other plaintiffs in this action. Defendant contends that this is further evidence that attorneys Jones and Curls should have withdrawn due to disqualifying conflicts of interest in this case.

1  Plaintiffs respond that there are no new facts asserted in the request to file new facts.

2  Plaintiffs assert that the new facts are merely defense counsel's narrative that some of the

3  plaintiffs and their counsel seek to inhibit Dylan Elkins and Devin Elkins from recovery in this

4  action which is not true.  Plaintiffs contend that Mr. Rogoyski is attempting to represent both

5  Defendant Pelayo and Plaintiffs Dylan Elkins and Devin Elkins in this matter which he cannot

6  do.[3]

7                                              **IV.**

8                                         **DISCUSSION**

9      Here, Plaintiffs seek to disqualify Mr. Rogoyski and remove Mr. Bragg as guardian ad

10 litem based on ex parte discussions to settle the claims of Dylan Elkins and Devin Elkins.  The

11 Court must first determine whether inappropriate ex parte communications occurred, and if the

12 communications are improper, whether disqualification of Mr. Rogoyski is the appropriate

13 remedy.  Further, the Court must determine if Mr. Bragg should be removed as guardian ad litem

14 for Dylan Elkins and Devin Elkins.

15    **A.    Whether the Communication between Defense Counsel and the Guardian Ad**
             **litem Violated the Rules of Professional Conduct**
16

17     The parties agree that there is no case on point addressing an opposing counsel's ability

18 to have ex parte communications with a guardian ad litem whose wards are represented by

19 counsel without the consent of the counsel for the wards.  Rule 4.2 of the Rules of the California

20 State Bar provides that "a lawyer shall not communicate directly or indirectly about the subject

21 of the representation with a person the lawyer knows to be represented by another lawyer in the

22 matter, unless the lawyer has the consent of the other lawyer."  CA ST RPC Rule 4.2(a).  "A

23 guardian ad litem is not a party to the action, but merely a party's representative, an officer of the

24 court."  In re Christina B., 19 Cal.App.4th 1441, 1453 (1993) (internal citations omitted);

25 Williams v. Superior Court, 147 Cal.App.4th 36, 47 (2007); see also Serway v. Galentine, 75

26 Cal.App.2d 86, 89 (1946) (a guardian ad litem is an officer and representative of the court); J.W.

27 
_____
28 [3] The Court has considered all argument presented in the parties pleading.  The Court shall only address those
     arguments it finds necessary for the decision of the current motions.

v. Superior Court, 17 Cal.App.4th 958, 964 (1993). The guardian ad litem's duties are essentially ministerial. In re Christina B., 19 Cal.App.4th at 1453

> The guardian ad litem's purpose is to protect the rights of the incompetent person. He or she has the right to control the litigation on behalf of the incompetent person. "Among his powers are the right to compromise or settle the action, to control the procedural steps incident to the conduct of the litigation, and, with the approval of the court, to make stipulations or concessions that are binding on the [incompetent], provided they are not prejudicial to the latter's interests.

Id. at 1453–54 (internal citations omitted); accord In re Sara D., 87 Cal.App.4th 661, 668 (2001). The role of the guardian ad litem in the proceedings is more than an attorney, but less than a party. In re Josiah Z., 36 Cal. 4th 664, 678 (2005), as modified (Aug. 10, 2005); In re Christina B., 19 Cal.App.4th at 1454; In re Josiah Z., 36 Cal.4th at 678. The guardian ad litem is like an agent with limited powers. Williams, 147 Cal.App.4th at 47; Brown v. Alexander, No. 13-CV-01451-RS, 2015 WL 7350183, at *1 (N.D. Cal. Nov. 20, 2015). "The guardian may make tactical and even fundamental decisions affecting the litigation but always with the interest of the guardian's charge in mind." In re Christina B., 19 Cal.App.4th at 1454.

Here, Mr. Bragg is not only the minors' guardian ad litem in this matter, he is the attorney for the minors in the state dependency proceedings and represented to Mr. Rogoyski that there was a conflict of interest between the minors and their counsel in this case. When Mr. Rogoyski asked who would be representing the minors, Mr. Bragg stated that he would not be hiring counsel but would represent them himself. The Court finds and the parties agree that there is no case on point addressing the unique circumstances presented here.

Mr. Bragg and Mr. Rogoyski relied on Section 317 of the California Welfare and Institutions Code which governs the appointment of counsel in juvenile dependency cases in determining that Mr. Bragg had the authority to represent the minors in this action. Pursuant section 317, "[a] primary responsibility of counsel appointed to represent a child or nonminor dependent pursuant to this section shall be to advocate for the protection, safety, and physical and emotional well-being of the child or nonminor dependent." Cal. Welf. & Inst. Code § 317(c)(2). Under section 317, counsel is charged in general with representation of the child's interests. Cal. Welf. & Inst. Code § 317(e)(1). Mr. Bragg and Mr. Rogoyski relied on his

1  appointment to represent the general interests of the minors in determining that Mr. Bragg had

2  the authority to engage in settlement discussions with Mr. Rogoyski on behalf of the minors.

3       Section 317 states that "[c]ounsel shall represent the parent, guardian, child, or nonminor

4  dependent at the detention hearing and at all subsequent proceedings before the juvenile court."

5  Cal. Welf. & Inst. Code § 317(d).   The representation includes "representing the parent,

6  guardian, or the child in termination proceedings and in those proceedings relating to the

7  institution or setting aside of a legal guardianship."   Id.   Although the language of the statute

8  provides that counsel is charged in general with protecting the child's interest, the authority to

9  act would be within the dependency proceedings and would not extend to proceedings in this

10 court.

11      The Court finds that Mr. Rogoyski and Mr. Bragg were negotiating in the good faith

12 belief that Mr. Bragg could represent the minors based on his appointment in the state court

13 proceedings.   However, Mr. Rogoyski knew that the minors were represented by Mr. Curls and

14 Ms. Jones in this action and he did not have their consent to speak with Mr. Bragg regarding the

15 case.   Defendant contends that Mr. Bragg sought the communication, but this rule applies even

16 where the represented person initiates or consents to the communication.   Comment [1] to CA

17 ST RPC Rule 4.2.   The purpose of the rule is "to the preservation of the attorney-client

18 relationship and the proper functioning of the administration of justice....   It shields the opposing

19 party not only from an attorney's approaches which are intentionally improper, but, in addition,

20 from approaches which are well intended but misguided."[4]  San Francisco Unified Sch. Dist. ex

21 rel. Contreras ("Contreras") v. First Student, Inc., 213 Cal.App.4th 1212, 1230 (2013) (quoting

22 Mitton v. State Bar, 71 Cal.2d 525, 534 (1969).

23      In determining the meaning of rule 4.2, "[a] bright line test is essential.   As a practical

24 matter, an attorney must be able to determine beforehand whether particular conduct is

25 permissible; otherwise, an attorney would be uncertain whether the rules had been violated until

26 ... he or she is disqualified."   Contreras, 213 Cal.App.4th at 1231.   Further, the rule "must be

27

28 ─────────────
[4] Rule 4.2 was formerly Rule 2-100.

interpreted narrowly because 'a rule whose violation could result in disqualification and possible disciplinary action should be narrowly construed when it impinges upon a lawyer's duty of zealous representation.' " Id. (quoting Snider v. Superior Court 113 Cal.App.4th 1187, 1197–1198 (2003)).

California courts have stated that the guardian ad litem is like an agent with limited powers. Williams, 147 Cal.App.4th at 47. Therefore, cases addressing whether an opposing attorney's contact with employees of a company violated Rule 4.2(b) are helpful in determining whether the contact here was appropriate. Rule 4.2(b) prohibits communication with officers, directors, partners, managing agents, and current employees, members, agent, or other constituents of the organization in connection with any matter that could be binding upon or imputed to the organization for the purposes of civil or criminal liability. In determining whether an employee is a party under the rule, courts consider the precise nature of the communication that opposing counsel had with the individual. Contreras, 213 Cal.App.4th at 1231.

Here, Mr. Rogoyski communicated with Mr. Bragg to discuss settlement of the minors' claims in this matter. These are clearly communication about the subject matter of the case. The overriding purpose of Rule 4.2 "is to prohibit one side to a dispute from obtaining an unfair advantage over the other side as a result of having ex-parte access to a represented party." Contreras, 213 Cal.App.4th at 1235. "If a party's counsel is present when an opposing attorney communicates with a party, counsel can easily correct any element of error in the communication or correct the effect of the communication by calling attention to counteracting elements which may exist." Id. at 1230. Plaintiffs argue that based on Mr. Rogoyski's discussions with Mr. Bragg, Mr. Bragg's mind was made up about settlement. Plaintiffs contend that Mr. Bragg made that determination based solely on the representations of Mr. Rogoyski. Plaintiffs' counsel asserts that Mr. Bragg's decision to settle this action was based on the one-sided representations of Mr. Rogoyski. In this instance, Plaintiffs' counsel did not have the opportunity to counter any representation made by Mr. Rogoyski in his efforts to settle this matter. This is precisely the type of communication with an opposing party that could create an unfair advantage and would fall under Rule 4.2.

A 2002 formal ethics opinion issued by the North Carolina State Bar relied on by Plaintiffs supports the finding that the communication here would violate Rule 4.2. On January 24, 2003, the North Carolina State Bar issued an opinion regarding direct contact with a lawyer appointed as a guardian ad litem for a minor plaintiff. 2002 Formal Ethics Opinion 8, located at https://www.ncbar.gov/for-lawyers/ethics/adopted-opinions/2002-formal-ethics-opinion-8/ (last visited February 20, 2020).

In this personal injury action, a mother, father, and child were represented by counsel and a private attorney was appointed as guardian ad litem for the minor plaintiff. During a settlement conference, the defense attorneys asked to meet privately with the guardian ad litem to discuss the child's case. The counsel for plaintiffs denied the request maintaining that the guardian ad litem is their client and the Rules of Professional Conduct prohibit defense counsel from talking to their clients without their consent. The defendants argued that, as an attorney, the guardian ad litem represented the child and had a professional responsibility to exercise independent professional judgment on behalf of the child which included making an independent inquiry of the defendants' proposals and positions. The defendants also argued that the plaintiffs' attorneys could not interfere with the guardian ad litem's decision on whether to communicate privately with defense counsel. The question addressed in the opinion was "If a guardian ad litem is a lawyer, is he or she still a client represented by counsel for the purposes of Rule 4.2,[5] thus prohibiting direct contact by opposing counsel without consent of the guardian ad litem's lawyer?" Id. The opinion states,

> Rule 17(a) and (b) of the North Carolina Rules of Civil Procedure require an action to be brought by the "real party in interest" and, in the case of a minor, by a general guardian or, if there is none, by an appointed guardian ad litem. As a party, the guardian ad litem may choose to be represented by legal counsel and permit legal counsel to make decisions about the strategy for the litigation. . . . The fact that the guardian ad litem is a lawyer does not make him or her co-counsel for the purpose of litigating the case. Therefore, opposing counsel must comply with Rule 4.2 and respect the decision of the guardian ad litem's trial

---

[5] Rule 4.2 of the North Carolina Rules of Professional Conduct provides "[d]uring the representation of a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order. It is not a violation of this rule for a lawyer to encourage his or her client to discuss the subject of the representation with the opposing party in a good-faith attempt to resolve the controversy."

counsel to deny a request to communicate privately with their client, the guardian ad litem.

> The role and responsibilities of a guardian ad litem are established by the court making the appointment as well as by statute and case law. See, e.g., N.C.G.S. 1A-1, Rule 17; Satler v. Purser, 12 NC App 206, 182 SE 2d 850 (1971). These remain the same whether the person appointed is a lawyer or not. Nevertheless, if a lawyer is appointed, he or she must fulfill the responsibilities of the guardian ad litem in a manner that is consistent with the requirements of the Rules of Professional Conduct. This means that the lawyer must be honest, avoid conflicts of interest, and exercise professional judgment in making decisions about matters that are within the purview of the guardian ad litem such as whether a settlement proposal should be accepted.

Id. The opinion held that "a lawyer who is appointed the guardian ad litem for a minor plaintiff in a tort action and is represented in this capacity by legal counsel, must be treated by opposing counsel as a represented party and, therefore, direct contact with the guardian ad litem, without consent of counsel, is prohibited." Id.

Defendant relies on an ethics opinion out of the District of Columbia to argue that the communication did not violate the rule against communicating with the opposing party. The District of Columbia opinion held that "a lawyer appointed to act as a guardian ad litem in a child abuse and neglect proceeding in the District of Columbia represents the child and the best interests of the child. In the absence of a conflict between the two interests, the guardian ad litem is the child's lawyer." (Ethics Opinion 295, ECF No. 212-1 at 10.) Under the Professional Rules of Conduct, "the guardian ad litem may not communicate about the subject of the litigation with either of the child's parents without notification of and the consent from the parent's lawyer. The guardian ad litem may communicate directly with a represented parent if the sole purpose of the communication is to obtain information about how to contact the child or to schedule a meeting with the child. Such communication would be administrative in nature and would not be 'about the subject of the representation.' " Id.

The Court finds that this opinion does not support Defendant's position that the communication here was allowable for several reasons. First, juvenile dependency is a special proceeding governed by its own laws and rules and the guardian ad litem in dependency proceedings does not serve the same functions as a guardian ad litem in adversary proceedings. In re Charles T., 102 Cal.App.4th 869, 875 (2002). In the dependency proceedings, a guardian

ad litem acts closer to the functions of minor's counsel which is both more and less than a traditional guardian ad litem in an adversarial proceeding. Id. at 878.

Second, in this case Mr. Bragg is not the minors' attorney for purposes of this action. While he has been appointed as guardian ad litem by this court and is representing the minors in state court proceedings, the minors are represented by Mr. Curls and Ms. Jones in this federal action. The State rules regarding his appointment in juvenile proceedings do not make Mr. Bragg counsel for the minors in this action. To the extent that Defendant argues that Plaintiffs' counsel has an impermissible conflict of interest, Mr. Bragg has not filed a motion to substitute counsel or brought this issue before the Court.

Mr. Bragg did not seek to be appointed to represent the minors in this action and he was not their attorney in this action. Rule 4.2 prohibits counsel from either directly or indirectly communicating with an opposing party about the subject of the litigation. The Court finds that Mr. Rogoyski violated Rule 4.2 by having settlement discussions with the minors' guardian ad litem.

### B.     Disqualification of Defense Counsel

Having found that a violation of the Rules of Professional Responsibility has occurred, the next issue is the appropriate remedy. Sanctions may be imposed where there is impermissible ex parte contact which would unfairly prejudice the opposing party, including disqualification as counsel. Lewis v. Tel. Employees Credit Union, 87 F.3d 1537, 1558 (9th Cir. 1996). Where the court finds a violation of Rule 4.2, "its remedial powers are limited to ameliorating effects of the violation on the proceeding before it. Contreras, 213 Cal.App.4th at 1231. The court must focus on identifying an appropriate remedy for any improper effect that the attorney's misconduct may have in the case. Id. Plaintiffs seek to have Mr. Rogoyski and the Office of the Attorney General disqualified from acting as counsel in this matter.

In a proceeding to disqualify counsel under California law, the trial court engages in the delicate balancing process explained in William H. Raley Co. v. Superior Court 149 Cal.App.3d 1042, 1048 (1983). Elliott v. McFarland Unified Sch. Dist., 165 Cal.App.3d 562, 567 (1985).

The court must weigh the combined effect of a party's right to counsel of choice,

an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that the fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest.

Elliott, 165 Cal.App.3d at 567; accord Concat LP v. Unilever, PLC, 350 F.Supp.2d 796, 814 (N.D. Cal. 2004). Disqualification is a drastic measure that is disfavored, but "the paramount concern must be the preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar." Concat LP, 350 F.Supp.2d at 814 (quoting State Farm Mut. Auto. Ins. Co. v. Federal Ins. Co., 72 Cal.App.4th 1422 (1999). A lawyer is not disqualified "for every instance of misconduct, ethical breaches will result in disqualification where it is necessary 'to mitigate the unfair advantage a party might otherwise obtain if the lawyer were allowed to continue representing the client.' " Doe v. Superior Court, 36 Cal.App.5th 199, 205 (2019).

       1.    Confidential Communications

At the core of the disqualification jurisprudence in California is a concern for the confidentiality of lawyer-client communications. Neal v. Health Net, Inc., 100 Cal.App.4th 831, 840 (2002). Plaintiffs do not argue that Mr. Rogoyski obtained attorney-client information. Nor does it appear that they can as based on the motion, it is apparent there has been little communication about this case between Mr. Bragg and Plaintiffs' counsel that would have been communicated through any settlement discussions.

On March 29, 2019, Mr. Bragg was notified by Mr. Rogoyski that a motion had been filed in this action to reconsider the appointment of Dennis Elkins as guardian ad litem based on alleged breaches of fiduciary duty in the state probate action. (May 9, 2019 Decl. of Timothy Bragg ¶¶ 6, 8, attached to Notice of Motion and Motion to Appoint Guardian Ad Litem for Probate and Civil Litigation; Memorandum of Points and Authorities-Amended, ECF No. 212-1 at 17-21.) The minors' uncle, Dennis Elkins, had filed a probate petition failing to list them as heirs to the estate. Mr. Bragg spoke to Plaintiffs' counsel, Ms. Jones that same day regarding the failure to include the minors in the probate pleadings. (Id. at ¶ 9.) Mr. Bragg had learned from both Ms. Jones and Mr. Rogoyski that Defendant had offered to settle this action. (Id. at ¶ 11.)

Mr. Bragg found that settlement may be in the best interest of the minors, but he had been informed by Ms. Jones that Dennis Elkins was unwilling to settle the matter on behalf of the minors at that time.[6] (Id.) Mr. Bragg determined prior to being appointed guardian ad litem that there was a potential conflict of interest between the minors and Dennis Elkins based on his failure to include the minors as heirs in the probate pleadings for their grandfather. (Id. at ¶ 11.) Mr. Bragg was appointed as guardian ad litem on June 7, 2019. (ECF No. 193.)

"A party seeking disqualification of an attorney is not required to disclose the actual communications it contends are confidential, but conclusory statements are insufficient. There must be some showing of the nature of the communications or a statement of how the communications relate to the current representation without disclosing what was actually communicated." Elliott, 165 Cal.App.3d at 572.

At the February 26, 2020, Plaintiffs stated that they do not know what was communicated between Mr. Bragg and Mr. Rogoyski, but as they did in their motion, argued that there must have been substantive communication between Mr. Bragg and Mr. Rogoyski. Further, in their motion, Plaintiffs argued "to the extent that Mr. Bragg shared any information about the family dynamics in this matter, Plaintiffs are prejudiced." (Mot. to Disqualify Counsel 7, ECF No. 203.) However, Plaintiffs' conclusory allegation that substantive communication must have occurred is not sufficient to demonstrate that disqualification is necessary. Further, Plaintiffs' statement that information about their family dynamics might have been shared is less than a conclusory allegation.

Mr. Rogoyski stated at the February 26, 2020 hearing that he received no confidential communication about the matter during his discussions with Mr. Bragg. Mr. Bragg was available at the hearing, but Plaintiffs did not request to question him themselves on the communications that occurred to determine if information that would be harmful to their case had been disclosed to Mr. Rogoyski. Plaintiffs have failed to show that information has been obtained by Mr. Rogoyski that would provide Defendant with an unfair advantage in this action.

---

[6] The declarations states "the paternal uncle, Cecil Elkins Sr." however, Cecil Elkins Sr. was the minors' grandfather and the decedent in the probate action. The Court finds this to be a typographical error and that the reference to the paternal uncle is to Dennis Elkins.

2.      Impairment of Relationship with Mr. Bragg

Plaintiffs also argue that any information communicated by their counsel to Mr. Bragg is subject to attorney client privilege, however there are no allegations that any communication of attorney-client privileged information was obtained by Mr. Rogoyski. Plaintiffs' argument appears to be that they cannot share any such information with Mr. Bragg for fear that he would share such information with Mr. Rogoyski. However, this is not sufficient to demonstrate that Mr. Rogoyski or Mr. Bragg should be disqualified in this matter. Rather the remedy would be for the Court to order no further communication between Mr. Rogoyski or Mr. Bragg.

3.      Conflict of Interest

Plaintiffs contend that Mr. Rogoyski has created a conflict of interest that requires his and the Attorney Generals Office's disqualification in this matter. "Attorneys have a duty to maintain undivided loyalty to their clients to avoid undermining public confidence in the legal profession and the judicial process." SpeeDee Oil, 20 Cal.4th at 1146.

> "A conflict arises when the circumstances of a particular case present 'a substantial risk that the lawyer's representation of the client would be materially and adversely affected by the lawyer's own interests or by the lawyer's duties to another current client, a former client, or a third person.' (Rest.3d Law Governing Lawyers [ (1998), Conflicts of Interest,] § 121.) If competent evidence does not establish such a conflict, the attorney is not disqualified for a conflict." (In re Jasmine S. (2007) 153 Cal.App.4th 835, 843–844, 63 Cal.Rptr.3d 593.)

Sharp, 163 Cal. App. 4th at 425–26.

When a law firm is simultaneously representing clients that have conflicting interests, with a few exceptions, "disqualification follows automatically, regardless of whether the simultaneous representations have anything in common or present any risk that confidences obtained in one matter would be used in the other." W. Sugar Coop., 98 F.Supp.3d at 1081–82 (quoting SpeeDee Oil, 20 Cal.4th at 1147). This is because the primary value at stake is the duty of loyalty and a "strict *per se* rule recognizes that a client cannot be expected to sustain trust and confidence in his or her counsel who is also representing the client's adversary in litigation." W. Sugar Coop., 98 F.Supp.3d at 1082. A conflict of interest may also arise where an attorney has acquired confidential information in the course of a relationship with a nonclient which will or

may appear to be useful in the attorney's representation in an action on behalf of a client. <u>Oaks Mgmt. Corp. v. Superior Court</u>, 145 Cal. App. 4th 453, 464 (2006).

"The most egregious conflict of interest is representation of clients whose interests are directly adverse in the same litigation." <u>SpeeDee Oil</u>, 20 Cal.4th at 1147. The duty of loyalty the attorney owes one client cannot compromise the duty owed another. <u>Id.</u> Rule 1.7 of the Rules of the State Bar of California addresses conflicts of interests with current clients. Specifically, a lawyer shall not, without informed consent from each client, represent a client if the representation is directly adverse to another client in the same or a separate matter. CA ST RPC Rule 1.7(a). The lawyer is also unable to represent a client without informed consent where there is a significant risk that the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationship with another client a former client, a third person, or the lawyer's own interests. CA ST RPC Rule 1.7(b).

Plaintiffs argue that where a substantial relationship exists between counsel and the person holding the information access to information is presumed and disqualification is mandatory. "The cases that employ a nonrebuttable presumption that counsel obtained confidential information are for the most part those in which an attorney is claimed to have violated conflict of interest rules protecting the confidentiality of client information and the party seeking disqualification cannot prove the disclosure without giving up the protection the rule was designed to provide." <u>Gregori v. Bank of Am.</u>, 207 Cal.App.3d 291, 304 (1989), modified (Feb. 17, 1989). The "presumption does not come into play under this case law unless the party seeking disqualification shows not only an apparent conflict of interest or impropriety but the likelihood that, as a result of the conflict or impropriety, the attorney acquired confidential information useful to his client." <u>Id.</u> at 304. Plaintiffs contend that because any information communicated to Mr. Bragg by their attorneys would be subject to attorney client privilege Plaintiffs cannot communicate with Mr. Bragg on the reasonableness or lack thereof of Defendants' settlement offer. However, speculation that future communication between Mr. Bragg and Mr. Rogoyski might occur is not sufficient to require disqualification in this matter. As stated above, the Court can issue a protective order prohibiting communication between Mr.

Bragg and Mr. Rogoyski.

Plaintiffs contend that Mr. Rogoyski communicated substantive matters related to the case to Mr. Bragg, engaged in settlement dialogue, reported his intent to file a motion for approval of a minor's compromise on Mr. Bragg and the minors' behalf, conducted research on Plaintiffs' counsel's ability to recover attorney fees, and reported to the minors' foster mother and Mr. Bragg that action should be taken against Dennis Elkins as a result of the petition that he filed in the probate court demonstrating that he is acting as an advocate for the minors such that a conflict of interests exists.

Other than reporting the conduct of Dennis Elkins to the minors' foster mother and Mr. Bragg which does not involve communication regarding the subject matter of this litigation, the conduct attributed to Mr. Rogoyski is consistent with acting in the interest of his client to attempt to settle this matter.  This is not competent evidence demonstrating that Mr. Rogoyski has become an advocate for the minors.

Further, even if the reports of misconduct against the minors by Dennis Elkins to their foster mother and Mr. Bragg could be construed as advocacy on behalf of the minors, Plaintiffs do not have standing to seek disqualification because he is advocating for their clients. "[F]ederal courts generally limit standing to bring disqualification motions to clients or former clients (see Vapnek et al., Cal. Practice Guide: Professional Responsibility (The Rutter Group 2010) ¶ 4:322.12)[.]"  Kennedy v. Eldridge, 201 Cal.App.4th 1197, 1204 (2011); see also Concat LP, 350 F.Supp.2d at 818 (citations omitted) ("as a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification.")  Courts have found standing to move for disqualification of counsel in cases where the movant has a sufficient "personal stake" in the motion because "the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims."  Concat L.P, 350 F.Supp.2d at 818 (quoting Colyer v. Smith, 50 F.Supp.2d 966, 971 (C.D. Cal. 1999)).  Here, Plaintiffs have not demonstrated by competent evidence that the ethical breach, the settlement discussions between Mr. Rogoyski and Mr. Bragg, so infected the litigation to impact Plaintiffs interest in the just and

1  lawful determination of their claims. Therefore, they do not have standing to bring a

2  disqualification motion on the ground that Mr. Rogoyski has become an advocate for their

3  clients.

4             4.      <u>Disqualification of Counsel is Not Appropriate</u>

5         Although the Court has found that Mr. Rogoyski violated the Rules of Professional

6  Conduct by speaking to Mr. Bragg about settling the minors' claims in this action,

7  "[d]isqualification is inappropriate . . . simply to punish a dereliction that will likely have no

8  substantial continuing effect on future judicial proceedings." <u>Gregori</u>, 207 Cal.App.3d at 309.

9  Here, for the reasons discussed, Plaintiffs have not demonstrated that Mr. Rogoyski obtained

10 information that would impact their interest in the just and lawful determination of the claims at

11 issue in this action. In this instance, the defendant has been represented by the Office of the

12 Attorney General since 2013 and specifically by Mr. Rogoyski since September 2018. (ECF No.

13 137.) A motion to dismiss is currently pending and following resolution of the motion this

14 matter will be set for trial.

15        Balancing the combined effect of Defendant Pelayo's right to counsel of choice, Mr.

16 Rogoyski's interest in representing his client, and the financial burden that would occur should

17 counsel be disqualified at this stage of the proceedings against the fundamental principle that the

18 fair resolution of disputes within our adversary system requires vigorous representation of parties

19 by independent counsel unencumbered by conflicts of interest, the Court finds that

20 disqualification of Mr. Rogoyski is not appropriate in this matter. Further, since Plaintiffs have

21 not demonstrated that disqualification of Mr. Rogoyski would be appropriate, no reason exists to

22 disqualify the entire Office of the Attorney General. Under the circumstances presented here,

23 disqualification would serve no legitimate purpose and would unfairly deprive Defendant of his

24 counsel of choice. Plaintiffs' motion to disqualify Mr. Rogoyski and the entire Office of the

25 Attorney General is denied.

26     **B.     Guardian ad litem**

27        Plaintiffs also seek to remove Mr. Bragg as guardian ad litem for Dylan Elkins and Devin

28 Elkins based upon his discussions with Mr. Rogoyski to attempt to settle their claims in this

matter. Plaintiffs argue that Mr. Bragg has acted contrary to the best interests of the minors by attempting to reach a settlement agreement with Mr. Rogoyski without researching the costs and expenses that were incurred by Plaintiffs' counsel over the course or this action. Plaintiffs state that Mr. Bragg is ready to settle for less than the costs of defense settlement. Plaintiffs also contend that Mr. Rogoyski has created a conflict with the remaining Plaintiffs because he has made up his mind that settlement is in the minors' best interest and their attorneys would not provide him with confidential information because he might disclose it to opposing counsel.

"The role of the guardian ad litem is to protect the incompetent person's rights in the action, to control the litigation, to compromise or settle, to direct the procedural steps, and make stipulations." Versa, 328 F.R.D. at 556 (quoting Golin, 190 Cal.App.4th at 644. "A guardian ad litem is a party's representative and an officer of the court, and owes a duty of loyalty to the incompetent person, and not to other parties interested in the litigation." In re Conservatorship of Straczynski, No. D052288, 2009 WL 613876, at *5 (Mar. 11, 2009) (citing Williams, 147 Cal.App.4th at 47 and In re Christina B., 19 Cal.App.4th at 1453). The Court has the duty to appoint a guardian ad litem to protect the rights of the child and the inherent authority to make decisions in the best interest of the child even over the objection of the parent. "[A] court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." Williams, 147 Cal.App.4th at 49. The minor "is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done him. The guardian ad litem is appointed merely to aid and to enable the court to perform that duty of protection." Id. at 49–50.

The Court has the discretion to "remove a guardian ad litem if [he] acts contrary to the best interests of the minor or incompetent plaintiff, has a conflict of interest with the minor or incompetent plaintiff, or demonstrates an inability or refusal to act." Versa, 328 F.R.D. at 556; see also, M.K. through Hall v. Harter, 716 F.Supp. 1333, 1336 (E.D. Cal. 1989) (courts ability to remove guardian ad litem is limited to those situations where there is a conflict between the representative and the minor or where there is an inability or refusal to act.)

Basically, Plaintiffs' counsel are seeking to remove Mr. Bragg as guardian ad litem in

this matter because he wishes to settle this matter without doing any investigation into the costs and expenses that have been incurred over the past eight years of litigation. Plaintiffs contend that Mr. Bragg made the decision to settle this case based solely on the representations of Mr. Rogoyski. However, Plaintiffs did not present any evidence, such as testimony by Mr. Bragg that his decision is based solely on his discussions with Mr. Rogoyski. Plaintiffs speculate that this must be the basis of Mr. Bragg's belief that settlement is in the best interest of the minor because he did not discuss settlement with Plaintiffs' counsel, but there is ample information contained in the public record that could inform Mr. Bragg's decisionmaking process, such as the multiple complaints that have been filed, the pleadings and orders on the three motions to dismiss that have been decided, the pleadings and order on the motion for summary judgment, and the pleadings on the currently pending motion to dismiss as well as the filings challenging Dennis Elkins appointment as guardian ad litem in this matter. (See ECF Nos. 1, 10, 16, 19, 20, 21, 25, 35, 36, 41, 44, 45, 46, 48, 49, 50, 54, 61, 62, 64, 65, 66, 67, 72, 103, 104, 105, 126, 134, 164, 167, 178, 182, 183, 184, 185, 209.)

Further, the decision to settle a matter rests with client and not the attorney. CA ST RPC Rule 1.2(a). To the extent that counsel disagrees with the decision to settle the matter, this does not indicate that Mr. Bragg is acting contrary to the best interest of the minors. Rather, if counsel feels that they cannot work with Mr. Bragg due to his desire to settle this matter, this would more appropriately be brought as a motion to withdraw from representation. CA ST RPC Rule 1.16(b)(4); see Hunter v. Sokoloff, No. 14-CV-05031-JST (LB), 2019 WL 5655013, at *3 (N.D. Cal. Oct. 31, 2019) (granting motion to withdraw as attorney where deteriorating attorney-client relationship made it unreasonably difficult to continue representing the client); see also Versa, 328 F.R.D. at 557 (denying motion to remove guardian ad litem because competent guardians ad litem conspire with counsel to obtain higher settlement awards). Counsels' disagreement with Mr. Bragg's determination that it would be in the best interest of the minors to settle this action is not a reason to remove Mr. Bragg as guardian ad litem in this matter.

Plaintiffs also argue that Mr. Bragg has created a conflict of interest because they cannot convey any confidential information to him because he might convey such information to

opposing counsel. Plaintiffs contend that candid communications about the case are not possible with Mr. Bragg due to fear that attorney client privileged information would be disclosed. However, the Court shall order, and is confident that since it is now decided that the communication is not allowed, Mr. Bragg shall refrain from any communication with opposing counsel in the future without the consent of Plaintiffs' counsel.

Plaintiffs question what will happen if they obtain a large verdict in this action after the minors settle for less than counsel believes they should. However, as in any litigation, there is no guarantee that the plaintiffs will prevail, much less that they will be awarded a large verdict at trial in this action. At the February 26, 2020 hearing, counsel for Defendant stated that, should Defendant prevail at trial, he will seek costs in this action. He also stated that based upon his knowledge gained due to his research and the dismissal of claims of the estate of Cecil Elkins, Sr., he believes that only the minors would have the financial ability to pay an award of costs in this matter. Mr. Bragg could reasonably determine that given the chances of succeeding at trial, the chance of an appeal if a large verdict is awarded, the risk of an award of costs should Defendant prevail in this action, and the amount of time that this litigation has been proceeding, it would be in the best interest of the minors to settle this action. The Court does not find that Mr. Bragg's belief that it is in the best interest of the minors to settle this action is contrary to the minors' interests.

Finally, Defendant argues that a conflict of interest has been demonstrated by Plaintiffs' counsel due to their representation of Dennis Elkins and their willingness to allow him to control this litigation despite his misrepresentations to the state probate court that Mr. Elkins, Sr. did not have any grandchildren. Plaintiffs' counsel responds, "as has been explained ad nauseum," Dennis Elkins statements to the probate court were merely based on the mistaken belief by his and his attorney that Dylan Elkins and Devin Elkins were not heirs of Cecil Elkins, Sr. because they thought that the adoption was final at the time that the probate petition was filed.

However, the minors' situation in this action raises serious concerns regarding whether their interests would be protected absent an independent guardian ad litem. The minors have been taken from the custody of their mother and are in dependency proceedings. Their uncle

filed a probate petition in state court for their grandfather stating that he had no grandchildren. The Court finds it deeply troubling that Plaintiffs' counsel has so easily accepted the assertion that the failure to list the minors as heirs on the probate petition was a mistake and have taken a position that is potentially adverse to the interests of the minors. The minors' father was deceased years prior to the death of their grandfather. The fact that the minors were later removed from their mother's custody and placed in dependency proceedings cannot reasonably be thought to terminate their right to inherit as heirs of their deceased father, even if their mother's parental rights were later terminated. The Court declines to find a conflict of interest requiring Plaintiffs' counsel to withdraw exists based on the evidence provided in response to the motions filed here. But given the circumstances presented, especially the uncle omitting the minors from the probate petition which would have deprived them of a significant inheritance, the Court finds that Mr. Bragg is qualified and well situated to act as guardian ad litem for the minors. He is their attorney in the dependency proceedings; he is their guardian ad litem in the state court probate proceedings; and he is aware of the prior probate petition that would have adversely affected the rights of the minors.

Plaintiffs have not demonstrated that Mr. Bragg has acted contrary to the best interests of the minors, has a conflict of interest with the minors, nor that he has demonstrated an inability or refusal to act on behalf of the minors. The Court denies Plaintiffs' motion to remove Mr. Bragg as guardian ad litem for Dylan Elkins and Devin Elkins.

///

///

///

///

///

///

///

///

## V.

## CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.      Plaintiffs' motion to disqualify defense counsel is DENIED;

2.      Plaintiffs' motion to remove Timothy Bragg as guardian ad litem for Dylan Elkins and Devin Elkins is DENIED; and

3.      Timothy Bragg shall refrain from any communication with defense counsel unless so authorized by Plaintiffs' counsel.

IT IS SO ORDERED.

Dated:   **February 28, 2020**

UNITED STATES MAGISTRATE JUDGE