UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CECIL ELKINS, JR., et al.,<br><br>     **Plaintiffs**<br><br>    **v.**<br><br>HIPOLITO PELAYO,<br><br>     **Defendant** | CASE NO. 1:13-CV-1483 AWI SAB<br><br>ORDER SETTING ADDITIONAL DEADLINES |

  This is a civil rights lawsuit that stems from a fatal encounter between decedent Cecil Elkins, Jr. ("Elkins") and Defendant California Highway Patrol Officer Hipolito Pelayo ("Defendant"). Plaintiffs, who are the estate of Elkins and Elkins' family, seek damages under federal and state law arising out of the death of Elkins. Trial was set to commence in December 2018. However, all dates and deadlines that had been set in an associated pre-trial order were vacated on November 8, 2018, due to the rapidly deteriorating health of Plaintiff Cecil Elkins, Sr. Through a series of additional motions, settlement discussions, and restrictions necessitated by the Covid 19 pandemic, the Court has only recently been able to reset trial for May 24, 2022 and set the pre-trial conference for May 2, 2022.

  Prior to the vacation of all dates and deadlines on November 8, 2018, a number of motions were pending. The parties had filed a total of thirteen motions in limine (five by Plaintiffs and eight by Defendants), see Doc. Nos. 146-159, but no oppositions and no replies had been filed

prior to the Court's November 8 vacation order. Further, briefing regarding the possible tri-phasing of the trial (liability and punitive liability, damages, and punitive damages) and the standing of four Plaintiffs (Cecil Elkins, Sr., Tina Terrel, Valiecia Elkins, and Dylan Elkins) to pursue a state law claim for wrongful death under Cal. Civ. Code § 377.60 had been ordered by the pre-trial statement. Both sides submitted initial briefing on these two issues. Replies on these two issues were due on November 8, 2018. Prior to the Court's vacation of all dates and deadlines, Defendant had submitted replies to these two issues, but Plaintiffs had not. Therefore, what remains outstanding are motions in limine, the possible division of this case into three phases, and the standing of several plaintiffs to pursue state law wrongful death claims, but briefing on none of these matters is complete.

    Given the incomplete state of the briefing, as well as the passage of time, the Court finds it advisable to issue this order separately from any amended pre-trial order. The Court will permit the parties to file additional motions in limine that may now be appropriate and also set a date for oppositions and replies regarding the pending matters. Further, the parties previously submitted a joint pre-trial statement. See Doc. No. 138. Again, given the passage of time, changes to the pre-trial statement and resulting pre-trial order (apart from merely changing dates based on the new trial date) may be appropriate. The Court will permit the parties to file separate amended pre-trial statements.[1] Upon receipt of any amended pre-trial statements, the Court will issue a new pre-trial order. Finally, the Court's review of the partial briefing submitted indicates that the outstanding matters can be resolved prior to the pre-trial conference and without the need for a hearing. However, if after receiving all briefing including any new motions in limine, the Court determines that a hearing would be beneficial, the Court will issue an order that sets a hearing date at that time. Otherwise, the Court will issue a written order in advance of the May 2, 2022 pre-trial conference that resolves all outstanding matters described above.

---

[1] The joint pre-trial statement was incorporated into the Court's pre-trial order. Any amended separate pre-trial statement that a party chooses to submit will be limited to amending that party's portion of the joint pre-trial statement. Only those sections of the pre-trial statement (and the resulting pre-trial order) that a party believes need to be changed shall be addressed in an amended separate pre-trial statement. Sections that a party believes do not require change or amendment shall not be addressed in a separate pre-trial statement. The Court will assume that any section of the joint pre-trial statement that was not addressed in a separate amended pre-trial statement remains valid and can be incorporated into an amended pre-trial order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. On or by January 24, 2022, the parties shall file any additional motions in limine that they deem appropriate;

2. On or by February 7, 2022, the parties shall file oppositions or notices of non-oppositions to all motions in limine;

3. On or by February 14, 2022, the parties shall file replies to all oppositions to motions in limine;

4. On or by January 26, 2022, the parties may file separate amended pre-trial statements;[2]

5. On or by January 31, 2022, the parties may file supplemental briefing regarding the phasing of the trial and the standing of Plaintiffs Valiecia Perez and Dylan Elkins to pursue a wrongful death claim pursuant to Cal. Civ. Code § 377.60;[3]

6. On or by February 14, 2022, the parties shall file replies to all submitted briefing regarding the phasing of trials and the standing of Plaintiffs Valiecia Perez and Dylan Elkins to pursue a wrongful death claim pursuant to Cal. Civ. Code § 377.60.

IT IS SO ORDERED.

Dated:  January 12, 2022

_____
SENIOR DISTRICT JUDGE

---

[2] The parties may (but are not required to) submit a joint amended pre-trial statement on January 26, 2022.

[3] All claims by Plaintiff Cecil Elkins, Sr., who died in November 2018, have been dismissed. See Doc. Nos. 163, 199. Further, Plaintiffs have conceded that Tina Terrel does not have standing to bring a wrongful death claim under § 377.60. See Doc. No. xxx. That concession results in the dismissal of Terrel's § 377.60 claim. Therefore, only § 377.60 claims of Valiecia Perez and Dylan Elkins remain in issue.