1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| **ESTATE OF CECIL ELKINS, JR., et al.,** | **CASE NO. 1:13-CV-1483 AWI SAB** |
| **Plaintiffs** | **AMENDED PRETRIAL ORDER** |
| **v.** | **Trial Confirmation:** APRIL 29, 2022 10:00 a.m., Courtroom 2 |
| **OFFICER HIPOLITO PELAYO,** | |
| **Defendant** | **Trial:   MAY 24, 2022** 8:30 a.m., Courtroom 2 |
| | **RULES OF CONDUCT** |

The initial pretrial conference was held on October 24, 2018.  The trial in this matter has been reset to May 24, 2022.  The last estimate from the parties is that this trial will take eight days. This order amends and replaces the firs Pre-Trial Order of October 26, 2018.

## I.  Jurisdiction and Venue

Federal jurisdiction and venue are founded on 28 U.S.C. §§ 1331, 1343 and 1367 and 42 U.S.C. §1983.  Venue is proper in this judicial district by virtue of 28 U.S.C. § 1391 because a substantial part of the acts or omissions complained of occurred in Pixley, California, which is in this judicial district.

## II.  Jury Trial

This matter will be a jury trial.

**III. Facts**

    **A.  Undisputed Facts**

1.    On November 13, 2012, the City of Tulare Police Department sought the assistance of the TARGET team in setting up surveillance on Elkins Jr.

2.    TARGET is a multi-agency law enforcement team that exists pursuant to an agreement between the various agencies.

4.    On November 13, 2012, the Tulare Police Department briefed the TARGET team on the details of the need for surveillance and apprehension of Elkins Jr. to be conducted that date.

5.    Officer Pelayo is employed by the California Highway Patrol and was so employed on November 13, 2012.

6.    Officer Pelayo was assigned to TARGET and was advised to and did attend the November 13, 2012 briefing concerning the need for surveillance and apprehension of Elkins Jr. on that date.

7.    On November 13, 2012 and following that briefing, the TARGET team set up surveillance around the home as requested by the Tulare Police Department.

8.    On November 13, 2012, the TARGET team that set up surveillance observed Elkins Jr. leave the home in a vehicle driven by a female later identified as Christie Short.

9.    Elkins Jr. was pursued on foot by members of the TARGET team.

10.    Officer Pelayo shot Elkins Jr. as he was attempting to flee apprehension.

11.    Elkins Jr. died on November 13, 2012 as a direct result of the physical injuries he sustained from those gunshot wounds.

    **B.  Disputed Facts**

1.    Whether the use of deadly force was reasonable, including because of the information known to Officer Pelayo, Mr. Elkins' actions leading up to the shooting, and the availability of alternative means of arrest.

2.    Whether Elkins Jr. made aggressive and furtive movements toward officers who were pursuing him.

3.      Whether Officer Pelayo reasonably perceived Elkins Jr. posed a threat to his physical safety at the time of the shooting.

4.      Whether Dy. Elkins, Valiecia Perez, Tina Terrel, and Cecil Elkins Sr. meet the factual predicate to have standing to assert claims for wrongful death by a parent and non-natural child.

5.      The extent of Plaintiffs' special damages, particularly any lost wages and lost financial support from Mr. Elkins, if any.

6.      The nature of the relationship giving rise to a claim for special damages between Mr. Elkins and Plaintiffs, including the likelihood of divorce and lengthy prison term for Mr. Elkins.

7.      Mr. Elkins' life expectancy given his behavior and lifestyle.

**C.  Disputed Evidentiary Issues**

*Plaintiffs' evidentiary issues to be raised by motion in limine*:

1.      Reference to Elkins Jr.'s Swastika tattoo

2.      Testimony of Elkins Jr.'s probation Officer Jarod Araujo

3.      Reference to the criminal history of any of the parties or percipient witnesses

4.      Evidence of alleged extra-marital affairs of Elkins Jr. and Creasha Elkins

5.      The toxicology report of Elkins Jr.

6.      Evidence of alleged Domestic Violence between Elkins, Jr. and Creasha Elkins

7.      Any reference to the criminal history of Elkins, Jr. not included in the BOL or shared at the briefing

8.      Any testimony of Renee York, Christy Short, Doris Elkins, Cecil Elkins or any law enforcement officer regarding the November 11, 2012 or November 12, 2012 incidents.


*Defendant's evidentiary issues to be raised by motion in limine*:

1.      Plaintiffs' alleged special damages in light of their responses in discovery and the disclosed expert testimony.

2.      Plaintiff Creasha Elkins's evidence regarding her lost relationship, in light of her refusal to

1    respond to an interrogatory about cohabitation during Mr. Elkins' final year.

2    3.    The propriety of an adverse instruction regarding domestic violence when Plaintiff Creasha

3          Elkins refused to respond to an interrogatory.

4    4.    Certain of Plaintiffs' police practices expert's opinions appear to be unhelpful to the jury

5          for being too conclusory or otherwise lack a valid basis.  Defendant does not object to the

6          expert testifying about how officers are trained with regards to deadly force.

7    5.    Certain of Plaintiffs' ballistics expert's opinions are unhelpful as too conclusory and

8          otherwise lack a valid basis.

9    6.    Officer Pelayo's prior incident is character evidence and the prejudicial value substantially

10         outweighs any probative value; furthermore, the report related to this incident contains

11         hearsay within hearsay.

12

13   *Exhibits & Objections – Appendix A*

14         The parties have attached as Appendix A to their pre-trial statement, which is a list of both

15   Plaintiffs' and Defendant's exhibits.  For each exhibit, the parties indicate whether there is an

16   objection, the basis for any objection, and a response to the objection.  The parties state that the

17   objections can be addressed at trial, if an exhibit is attempted to be introduced.  The Court

18   incorporates by reference Appendix A, which is Document 138-1 in the Court's docket.

19         The Court notes that a brief review of Appendix A includes a number of hearsay

20   objections, followed by a number of hearsay exceptions in response.  The parties SHALL again

21   review the exhibits at issue, as well as the hearsay exceptions identified, and MEET AND

22   CONFER to ensure that only true disputes regarding hearsay and hearsay exceptions are raised

23   during the trial.

24   **D.  Special Factual Information**

25         Pursuant to Local Rule 281(b)(6), the following special factual information pertains to this

26   action:

27         A.    General Nature of the Incident

28         Plaintiffs allege that Officer Pelayo used excessive force causing the death of Mr. Elkins

4

when Officer Pelayo fired on Mr. Elkins.  Plaintiffs pled constitutional claims under 42 U.S.C. § 1983 and Cal. Civil Code § 52.1 for alleged violation of Mr. Elkins' Fourth Amendment rights against an unreasonable seizure by force and violation of Plaintiffs' Fourteenth Amendments right to familial association.  Plaintiffs also pled the state law torts of battery by a peace officer and negligent wrongful death.

B.      Plaintiffs' Information Including Damages

Plaintiffs Creasha Elkins, Tina Terell, Valiecia Perez, Dy.E, Minor and Di.E., Minor seek general damages for the loss of love, companionship and support, as well as for the loss of familial relationship with decedent Cecil Elkins, Jr.

C.      Decedent's Information Including Contribution

The Estate of Cecil Elkins Jr. seeks punitive damages and attorney's fees.

**IV.  Relief Sought**

Plaintiffs seeks special and general damages, costs, and attorney's fees for those claims that are entitled to them.

Defendants seek their costs.

**V.  Points of Law**

A.      Plaintiffs' Claims/Points

Fourth Amendment Excessive Force.  Ninth Circuit Model J. Instr. 9.25.

Fourteenth Amendment Deprivation of Familial Association.  A.D. v. California Highway Patrol, 712 F.3d 446, 453 (9th Cir. 2013); Porter v. Osborn, 546 F.3d 1131, 1140 (9th Cir. 2008); Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 (9th Cir. 1998), as amended (Nov. 24, 1998).

Wrongful death.  CACI 440 Unreasonable Force by a Law Enforcement Officer.

Bane Act.  CACI 3066 Bane Act – Essential Factual Elements, as modified by Reese v. Cty. of Sacramento, 888 F.3d 1030, 1045 (9th Cir. 2018) (relying on Cornell v. City and County of San Francisco, 17 Cal. App. 5th 766 (2017)).

Battery by a peace officer.  CACI 1305 – Battery by a Peace Officer.

1    B.    Defendant's Affirmative Defense/Points

2        Defendant contends that most of Plaintiffs' claims are premised on an unreasonable use of

3    force and use the same Graham factors.  To preclude an inconsistent verdict, the jury instructions

4    should be modified to make the jury understand that there is only one reasonableness

5    determination to be made in the circumstances of this case.

6        Qualified immunity.  Morales v. Fry, 873 F.3d 817, 824 (9th Cir. 2017) (holding "whether

7    a right is clearly established is a legal issue for the judge to decide, although special interrogatories

8    to the jury can be used to establish disputed material facts.").  Defendant will separately brief the

9    need for a special interrogatory in the context of this case.

10        Comparative fault.  CACI 407.

11        Mitigation of damages.  Ninth Circuit Model J. Instr. 5.3.

12        The peace officer's right to make an arrest and use reasonable force in self-defense.  Penal

13    Code § 835a.  (Arguably, this is not an affirmative defense but is incorporated into the legal

14    standards for battery by a peace officer and negligent use of deadly force by a peace officer.)

15        Defendant contends that certain of the plaintiffs are not proper plaintiffs under California's

16    survivorship and wrongful death statutes.  See Cal. Civ. Proc. Code §§ 377.30 & 377.60; see also

17    Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 (9th Cir. 1998), as amended (Nov.

18    24, 1998) (holding state survivorship statute governs ability to bring § 1983 claims on behalf of

19    decedent).

20    **VI.  Abandoned Issues**

21        Plaintiffs will not pursue any claims for economic losses.

22        Defendant has abandoned all affirmative defenses that require presentation to the jury

23    except mitigation of damages and comparative fault.  Defendant maintains his additional

24    affirmative defense of qualified immunity.

25    **VII.  Witnesses**

26        The following is a list of witnesses that the parties expect to call at trial, including rebuttal

27    and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS

28    SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A

SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST

INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

**A.  Plaintiffs' Witnesses**

1.     Officer Hipolito Pelayo, Defendant,

2.     Detective Jesse Guzman, Defendant, Fresno Police Department, 2323 Mariposa St.,

        Fresno, CA 93721

3.     Agent Frank Navarro, Cal. D.O.J., 4949 Broadway, Sacramento, cA 95820

4.     Captain Fred Ynclan, Tulare Police Department, 260 "M" Street, Tulare, CA 93274

5.     Det. Jimmy Burciaga, Tulare Co. Sheriff's Office, 833 S. Akers St., Visalia, CA 93277

6.     Deputy Rodney Klassen, Tulare Co. Sheriff's Office, 833 S. Akers St., Visalia, CA 93277

7.     SAIC Michael Haroldsen, Cal. D.O.J., 4949 Broadway, Sacramento, CA 95820

8.     Deborah Hall, address unknown at this time

9.     Detective Merced Zamora, Tulare Co. Sheriff's office, 833 S. Akers St., Visalia, CA

        93277

10.    Deputy Matthew Hardy, Tulare Co. Sheriff's office, 833 S. Akers St., Visalia, CA 93277

11.    Sergeant Gary Hunt, Tulare Co. Sheriff's office, 833 S. Akers St., Visalia, CA 93277

12.    Dr. Burt Harman, 890 Cherry Street, Tulare, CA 93274

13.    Officer Chris Marvin, Tulare Police Department, 260 "M" Street, Tulare, CA 93274

14.    Troy Barker, 695 Coral St., Tulare, CA

15.    Adoph Lujano, 10871 Abby Lane, Hanford, CA

16.    Christy Short

17.    Renee York

18.    Creasha Elkins, Plaintiff

19.    Tina Terell, Plaintiff

20.    Dy. E., minor Plaintiff

21.    De.E., minor Plaintiff

22.    Valecia Perez, Plaintiff

23.    Expert Leonard Romers, Ballistics

24.   Expert Roger Clark, Police Practices

25.   Officer Jeff Lawson, California Highway Patrol, Central Division MAIT, 5179 North Gates Ave., Fresno, CA 93722

26.   Officer John Kolter, California Highway Patrol, Central Division MAIT, 5179 North Gates Ave., Fresno, CA 93722

27.   Officer David Nees, California Highway Patrol, Central Division MAIT, 5179 North Gates Ave., Fresno, CA 93722

28.   Officer Robert Shaw, California Highway Patrol, Central Division MAIT, 5179 North Gates Ave., Fresno, CA 93722

29.   Mr. Daniel Haas, P.e., California Highway Patrol, Central Division MAIT, 5179 North Gates Ave., Fresno, CA 93722

30.   Mr. Daniel Cantieri, California Highway Patrol, Central Division MAIT, 5179 North Gates Ave., Fresno, CA 93722

**B.  Defendants' Witnesses**

1.   Off. Hipolito Pelayo, Defendant

2.   Creasha Elkins, Plaintiff

3.   Tina Terrell, Plaintiff

4.   Dy.E., minor Plaintiff

5.   De.E., minor Plaintiff

6.   Valiecia Perez, Plaintiff

7.   Det. Jesse Guzman, Fresno Police Department, 2323 Mariposa St., Fresno, CA 93721.

8.   SAIC Michael Haroldsen, Cal. D.O.J., 4949 Broadway, Sacramento, CA 95820.

9.   Agent Frank Navarro, Cal. D.O.J., 2550 Mariposa Mall, Room 5090
      Fresno, CA 93721-2271.

10.   Captain Fred Ynclan, Tulare Police Department, 260 "M" Street, Tulare, CA 93274.

11.   Sergeant Donnie Smith, Tulare Police Department, 260 "M" Street, Tulare, CA 93274.

12.   Det. James Kelly, retired from Tulare Police Department.  Currently attempting to locate up to date contact information.

13.  Sergeant E. Hinojosa, Tulare Police Department, 260 "M" Street, Tulare, CA 93274.

14.  Off. Michael Derogee, Tulare Police Department, 260 "M" Street, Tulare, CA 93274.

15.  Off. R. Moreno, Tulare Police Department, 260 "M" Street, Tulare, CA 93274.

16.  Off. R. Richmond, formerly of Tulare Police Department. Currently attempting to locate up to date contact information.

17.  Christie Short, 1022 S. Maple St. Pixley, California or 632 E. Douglas Ave., Visalia, California.

18.  Renee York, Folsom Prison.  Defendant will separately file an order to the warden of Folsom Prison regarding the transportation of York and provision of corrections officers, for December 7, 2018.

19.  Sergeant Michael Yandell, Tulare Co. Sheriff's Office, 833 S. Akers St. Visalia, CA 93277.

20.  Sergeant Manuel Cavazos, Tulare Co. Sheriff's Office, 833 S. Akers St. Visalia, CA 93277.

21.  Det. Jimmy Burciaga, Tulare Co. Sheriff's Office, 833 S. Akers St. Visalia, CA 93277.

22.  Det. Merced Zamora, Tulare Co. Sheriff's Office, 833 S. Akers St. Visalia, CA 93277.

23.  Det. William Meek, Tulare Co. Sheriff's Office, 833 S. Akers St. Visalia, CA 93277.

24.  Dep. C. Anderson, Tulare Co. Sheriff's Office, 833 S. Akers St. Visalia, CA 93277.

25.  Dep. J. Hart, Tulare Co. Sheriff's Office, 833 S. Akers St. Visalia, CA 93277.

26.  Dep. Luis Pineda, Tulare Co. Sheriff's Office, 833 S. Akers St. Visalia, CA 93277.

27.  Dep. Tyrell Cleaves, Tulare Co. Sheriff's Office, 833 S. Akers St. Visalia, CA 93277.

28.  Expert Sandra McVeigh, toxicologist, current address unknown.

29.  Expert Stephen Comstock, toxicologist, 880 E. Merritt Ave. Suite 1070108, Tulare, California 93274.

30.  Expert Burt Harman D.O, pathologist, 890 Cherry Street, Tulare, California 93274.

31.  Expert Prob. Off. Jarod Araujo, Tulare County Probation, 100 E. Center Ave, Visalia, CA 93291.

32.  Expert Clarence Chapman, Police Practices.

33.    Expert Craig Enos, Economics.

34.    Expert Michael Appel, Ballistics Reconstruction and Firearms Analysis.

35.    Dr. Elizabeth King, Psy.D.

36.    Tulare Police Officer Brian Cordeniz, 260 S. "M" St., Tulare, CA 93724

37.    Tulare Police Sgt. Andrew Garcia, 260 S. "M" St., Tulare, CA 93724

38.    TCSO Det. Terry Titus, 2900 W. Burrell Ave., Visalia, CA 93291

39.    TCSO Det. J. Cox, 2900 W. Burrell Ave., Visalia, CA 93291

40.    Tulare Police Officer Hastings, 260 S. "M" St., Tulare, CA 93724

## VIII.  Exhibits[1]

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

### A.    Plaintiffs' Exhibits

1.    Death Certificate for Cecil Elkins, Jr.

2.    Autopsy Report

3.    Photographs of Cecil Elkins, Jr. with family

4.    State of California Business, Transportation and Housing Agency Memorandum dated December 7, 2010 from Department of the California Highway Patrol re: Interview of Detective Barker

5.    Opinion diagram by the CHP Accident Reconstruction team

6.    California Highway Patrol Use of Force Policies

### B.    Defendants' Exhibits

1.    BOL Officer Safety HP00294

---

[1] The parties have identified the following exhibits, but as indicated above have also included objections to the exhibits and responses to the objections as part of Appendix A.  The Court has incorporated Appendix A by reference. For purposes of this section of the pre-trial order, it is sufficient to identify only the exhibits.  The objections remain in place and are not considered waived or overruled merely because the objections have not been reproduced in this section.

2.    Booking Photo HP00295

3.    Booking Photo TCSD 0021 et seq.

4.    Booking Photo and Info TCSD 0034 et seq.

5.    Booking Photo and info TCSD 0038 et seq.

6.    Booking Photo and Info TCSD 0043 et seq.

7.    Inmate Classification Questionnaire  TCSD 0050

8.    Sup. Ct. Sentencing Report, dated Oct. 9, 2008

9.    Sup. Ct. Sentencing Report, dated Aug. 23, 2012

10.   Petition for Prob. Revocation, dated Nov. 5, 2012

11.   Prob. Dep't Memo, dated July 16, 2012

12.   Pet. For Grandparent Rights, dated Jul. 29, 2013

13.   Petition for Restraining Order by Creasha Elkins, dated Jul. 16, 2008

14.   DMV Printout, dated Nov. 12, 2015

15.   Tulare PD report G12-3689

16.   Tulare PD report G12-8344

17.   Tulare PD report G12-5255

18.   Tulare PD interview of Plaintiff C. Elkins Sr. 00304 et seq.

19.   Tulare PD interview with Off. C. Marvin HP00386 et seq.

20.   Tulare PD interview with Sgt. D. Smith HP00365

21.   Tulare PD interviews with R. York, parts 1 through 4, HP00439 et seq., HP00471 et seq.,
      HP00599 et seq., and HP00623 et seq.

22.   TCSD Domestic Violence Report 08-9317

23.   TCSD Incident Report 08-1862

24.   TCSD Report TG12-14331

25.   TCSD Report TG12-6629

26.   TCSD interview with C. Short HP00089 et seq.

27.   TCSD interview with C. Short audio

28.   TCSD interview with H. Pelayo

| | | |
|---|---|---|
| 1 | 29. | TCSD interview with J. Guzman |
| 2 | 30. | TCSD Interview(s) with F. Ynclan |
| 3 | 31. | TCSD Photo 2938500 |
| 4 | 32. | TCSD Photo 2938506 |
| 5 | 33. | TCSD Photos 2938515 |
| 6 | 34. | TCSD Photos 2938488 |
| 7 | 35. | TCSD Photo 2944152 |
| 8 | 36. | TCSD Photo 2944188 |
| 9 | 37. | TCSD Photo 2936047 |
| 10 | 38. | TCSD Photo 2935870 |
| 11 | 39. | TCSD Photo 2938659 |
| 12 | 40. | TCSD Photo 2938665 |
| 13 | 41. | TCSD Photo 2938668 |
| 14 | 42. | TCSD Photo 2944053 |
| 15 | 43. | TPD photo of crashed car |
| 16 | 44. | TPD photo of crashed truck |
| 17 | 45. | Tulare Co. Mental Health Rec. |
| 18 | 46. | Security Cam Video, Angle 1 |
| 19 | 47. | Security Cam Video, Angle 2 |
| 20 | 48. | Security Cam Video, Angle 3 |
| 21 | 49. | Autopsy Report |
| 22 | 50. | Toxicology Reports |
| 23 | 51. | Supp. MAIT report |
| 24 | 52. | Learning Domain 20 – Use of Force |
| 25 | 53. | Tulare PD Report TG12-8503 |
| 26 | 54. | Tulare PD Report TG12-8507 |
| 27 | 55. | TCSD 08-2339 – Titus |
| 28 | 56. | TCSD 08-2339 – Cox |

57.    TCSD 08-5523

58.    TCSD 08-1256

59.    TPD 08-6462

**IX.  Discovery Documents To Be Used At Trial**

    **A.**    **Plaintiffs**

    Plaintiffs only intend to use deposition testimony for purposes of impeachment.

    **B.**    **Defendants**

    1.    Requests for Production of Documents

Creasha Elkins Response no. 10.

    2.    Deposition Testimony

        a.    Testimony of Det. James Kelly, unless witness is located, at pages 19-21, 26-31, 33-34, 38-42, 48.

        b.    Testimony of Cecil Elkins, at pages 76, 83, 86, 99, 105, 109, 111, 128, 138, 145-46, 154-55, 159,

        c.    Testimony of Creasha Elkins, at pages 32, 34, 36, 43, 69, 71, 75, 78, 90-91, 108, 113-14, 137, 147-49, 152, 167, 176, 177, 178.

        d.    Testimony of Tina Terrel, at pages 110, 112, 154-55.

        e.    Testimony of Doris Elkins at pages 5-7, 9-13, 15, 19, 28-32, 34, 36 -39, 45-53, 58-60, 62-63, 67-73, 79-80.

        f.    Testimony of Jared Araujo Pages 13, 15 – 18, 23-25, 28, 31-32, 36, 40-42, 5 0-52.

    3.    Admissions

        a.    On November 13, 2012, Elkins Jr. was wanted by the Tulare Police Department for attempted homicide on a City of Tulare police officer. (Joint Sched. Rpt., ECF No. 74. Header III, § A. Uncontested Facts no. 3)

        b.    On November 13, 2012, the Tulare Police Department received information that Elkins Jr. was at his father's home in Pixley, CA. (Id. no. 4)

        c.    Seeing that he was being followed by law enforcement, Elkins Jr. attempted

1    to flee on foot. (Id. no. 10).

2         d.    Officers present at the scene identified themselves as police, and

3                commanded Elkins Jr. to stop and show his hands. (Id. no. 12)

4         e.    Elkins Jr. did not obey law enforcement's orders to stop and show his

5                hands. (Id. no. 13).

## X.  Further Discovery or Motions

Defendant intends to depose Plaintiffs' Dy.E. and De.E., who are both minor children, and whose depositions were pending when summary judgment was entered and the case then appealed. Defendant has disclosed a replacement ballistics expert, upon the retirement of the previously disclosed expert and defense counsel's inability to contact him.  Defendant will make the replacement expert available for a deposition.

## XI.  Stipulations

To reopen discovery to the conduct the depositions discussed in the previous section.

## XII.  Amendments/Dismissals

None.

## XIII.  Settlement Negotiations

Plaintiffs are amenable to settlement negotiations.  Defendant does not believe that a settlement conference would be helpful.

## XIV.  Agreed Statement

The parties state that an agreed statement is not helpful, except that they may read as a stipulation the above undisputed facts under Section III(A) of this order.

## XV.  Separate Trial Of Issues

At a minimum, this trial will be conducted in two phases:  (1) liability, damages, and punitive liability, and (2) punitive damages.   The Court has received briefing from the parties regarding the possibility of conducting the trial in three phases:  (1) liability and punitive liability; (2) damages, and (3) punitive damages.  The Court intends to issue an order prior to the April 29, 2022 pre-trial conference that determines whether the trial will be conducted in two or three phases.

**XVI.  Impartial Experts - Limitation Of Experts**

The parties state that no additional experts are needed, and no limitations on the number of experts are needed.

**XVII.  Attorneys' Fees**

Plaintiffs seek attorney's fees under their Section 1983 claims and Bane Act claims.  In the event of a Plaintiffs' verdict, Plaintiff shall follow Federal Rule of Civil Procedure 54(d)(2) with respect to filing a motion for attorneys' fees.

**XVIII.  Further Trial Preparation**

**A.  Final Witness List**

The parties are ordered to file and serve their final list of witnesses by May 19, 2022. Additionally, at that time Plaintiffs shall disclose the order of witnesses so that Defendants will be prepared for cross-examination.

Except upon the showing set forth above in section VII, a party may not add witnesses to the final list of witnesses, or to any other updated witness list, who are not disclosed in this Order in Section VII.

**B.  Trial Briefs**

The parties may file and serve a Trial Brief by May 9, 2022.  The parties need not include in the Trial Brief any issue that is adequately addressed in a motion in limine, or in an opposition brief to a motion in limine.  Any response to a Trial Brief shall be filed and served by May 16, 2022.

**C.  Duty of Counsel to Pre-Mark Exhibits**

The parties are ordered to confer no later than April 11, 2022, for purposes of pre-marking and examining each other's exhibits.  All joint exhibits must be pre-marked with numbers preceded by the designation JT/-- (e.g., JT/1, JT/2).  The significance of identifying an exhibit as a "joint exhibit" is that it can be admitted by either party, at any time, and without objection.  All of Plaintiffs' exhibits shall be pre-marked with numbers.  All of Defendants' exhibits shall be pre-marked with letters.

1. Counsel shall create four (4) complete, legible sets of exhibits in binders as follows:

(a) Two sets of binders to be delivered to Courtroom Deputy Alice Timken by November 29, 2018, one for use by the Courtroom Deputy and the other for the court; and

(b)  One set for each counsel's own use.

If the parties desire, they may have a fifth set of binders to be used for the purposes of questioning witnesses.

2.  Counsel are to confer and make the following determination with respect to each proposed exhibit to be introduced into evidence, and to prepare separate indexes - one listing joint exhibits, and one listing each party's separate exhibits:

(a)  Duplicate exhibits, i.e., documents which both sides desire to introduce into evidence, shall be marked as a joint exhibit, and numbered as directed above.  Joint exhibits shall be listed on a separate index, and shall be admitted into evidence on the motion of any party, without further foundation.

(b)  As to exhibits that are not jointly offered, and to which there is no objection to introduction, those exhibits will likewise be appropriately marked, e.g., Plaintiffs' Exhibit 1 or Defendants' Exhibit A, and shall be listed in the offering party's index in a column entitled "Admitted In Evidence."  Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

(c)  Those exhibits to which the only objection is a lack of foundation shall be marked appropriately, e.g., Plaintiffs' Exhibit 2 - For Identification, or Defendants' Exhibit B - For Identification, and indexed in a column entitled "Objection Foundation."

(d) Remaining exhibits as to which there are objections to admissibility not solely based on a lack of foundation shall likewise be marked appropriately, e.g., Plaintiffs' Exhibit 3 - For Identification or Defendants' Exhibit C - For Identification, and indexed in a third column entitled "Other Objection" on the offering party's index.

3.  Each separate index shall consist of the exhibit number or letter, a brief description of

16

the exhibit, and the three columns outlined above, as demonstrated in the example below:

INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|-----------|-------------|----------------------|----------------------|-----------------|

      Two sets of the completed joint index and the separate indexes shall be delivered to the Courtroom Deputy with the two sets of binders.

      The court has no objection to counsel using copies.  However, the copies must be legible. If any document is offered into evidence that is partially illegible, the court may sua sponte exclude it from evidence.

### D.  Discovery Documents

      By May 19, 2022, each party shall file a list of all discovery documents the party intends to use at trial.  The list shall indicate whether each discovery document has previously been lodged with the Clerk.  If the discovery document has not been previously lodged, the party shall so lodge the document with the Courtroom Deputy by May 19, 2022.

### E.  Motions In Limine Hearing and Briefing Schedule

      The parties have filed and fully briefed all motions in limine.  The Court intends to issue an order that resolves the motions in limine prior to the April 29, 2022, pre-trial conference.

### F.  Morning Conferences During Trial

      During the trial, it is the obligation of counsel to meet with the court each morning to advise the court and opposing counsel as to what documents are proposed to be put into evidence that have not previously been admitted by stipulation, court order, or otherwise ruled upon.  The court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury.  If the ruling depends upon the receipt of testimony, the court will rule as requested upon the receipt of such testimony.

      The court shall consider any other legal matter at morning conferences as well.  The court does not wish to recess the trial to hear legal argument outside of the presence of the jury, and proper preparation by counsel will eliminate the need for that result.

### G.  Use Of Videotape and Computers

Any party wishing to use a videotape for any purpose during trial shall lodge a copy of the videotape with the Courtroom Deputy by 4:00 p.m. on Thursday, May 19, 2022.  If a written transcript of audible words on the tape is available, the court requests that the transcript be lodged with the court, solely for the aid of the court.

If counsel intends to use a laptop computer for presentation of evidence, they shall contact the courtroom deputy clerk at least one week prior to trial.  The courtroom deputy clerk will then arrange a time for counsel to bring the laptop to the courtroom, and meet with a representative of the Information and Technology Department and receive a brief training session on how counsel's equipment interacts with the court's audio/visual equipment.  If counsel intends to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

### H.  Order of Witnesses

In order to make the trial operate efficiently and smoothly, each counsel has the continuing obligation to advise opposing counsel as to what witnesses he or she intends to call twenty-four (24) hours prior to calling that witness.

### I.  Proposed Jury Instructions & Verdict Form

The parties shall file and serve proposed jury instructions and verdict forms by 4:00 p.m. on April 25, 2022.  Electronic filers shall attach a copy of their proposed jury instructions in Microsoft Word format to an e-mail, which the party shall send to: awiorders@caed.uscourts.gov. Prior to submission of the proposed jury instructions and verdict forms, the parties shall meet and confer in order to determine which instructions they agree should be given and whether they can agree upon a joint verdict form.

The parties are to submit a packet of jury instructions to which they agree, and separate packets of jury instructions to which they cannot agree.  All proposed jury instructions shall be submitted in duplicate sets.  One set shall identify the party proposing the instruction or state that the instruction is agreed.  Each instruction shall be numbered or lettered, cite supporting authority, and include the customary "Given, Given as Modified, or Refused," showing the court's action

1  with regard to each instruction.  The other set shall be an exact copy of the first set, but shall be a

2  "clean" copy that does not contain the identification of the offering party, numbering/lettering,

3  supporting authority, or references to the court's disposition of the proposed instruction.

4       As to those instructions to which the parties dispute, the court will conduct its jury

5  instruction conference during trial at a convenient time.  However, depending on time constraints,

6  the Court may conduct a preliminary jury instruction conference on April 29, 2022.

7       **J.  Voir Dire**

8       The parties shall file and serve proposed voir dire questions, if any, by 4:00 p.m. on

9  Thursday, May 19, 2022.  Further, in order to aid the court in the proper voir dire examination of

10  the prospective jurors, counsel should lodge with the court on the first morning of trial a list of all

11  prospective witnesses, including rebuttal witnesses, that counsel reasonably expect to call.  The

12  purpose of the lists is to advise the prospective jurors of possible witnesses to determine if a

13  prospective juror is familiar with any potential witness.

14       **K.  Agreed Summary Of The Case**

15       The parties shall lodge with the Courtroom Deputy a joint agreed summary of the case,

16  briefly outlining the positions of the parties by 4:00 p.m. on Thursday, May 19, 2022.  The

17  summary will be read to the jury panel at the outset of the trial solely for the purposes of assisting

18  in the jury selection process.  The contents of the summary shall not be deemed to be evidence or

19  an admission or stipulation by a party as to any contested fact or issue.

20       **L.  Propriety/Standing Of Certain Plaintiffs**

21       As indicated above, Defendant indicates that there is an issue about whether certain parties

22  are proper plaintiffs in this case.  The parties have now briefed the issue.  The Court intends to

23  issue a ruling on this issue prior to the April 29, 2022 pre-trial conference.

24

25  **XIX.  Objections to Pretrial Order**

26       Any party may, within ten (10) calendar days after the date of service of this order, file and

27  serve written objections to any of the provisions of this order.  Local Rule 283.  Such objection

28  shall specify the requested corrections, additions or deletions.

**XX.  Rules of Conduct During Trial**

      **A.  General Rules**

      1.  All participants in the trial shall conduct themselves in a civil manner.  There shall be no hostile interchanges between any of the participants.

      2.  All oral presentations shall be made from the podium, unless otherwise permitted by the court.

      3.  Sidebar conferences are discouraged.  Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

      4.  Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

      **B.  Jury Selection**

      1.  The court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the court has concluded its questioning of the jury panel.  In some circumstances, the court may allow brief direct questioning by counsel.

      **C.  Opening Statements**

      1.  Counsel may use visual aids in presenting the opening statement.  However, any proposed visual aids shall be shown to opposing counsel before opening statement.

      **D.  Case in Chief**

      1.  Counsel shall have his/her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

      2.  At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

      **E.  Witnesses**

1.  Before approaching a witness, counsel shall secure leave of court to approach the witness.

2.  Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

**F.  Exhibits**

1.  All exhibits shall be marked and identified in accordance with the instructions in the Pretrial Order.

2.  An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of court to publish the exhibit.

3.  The court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

**G.  Objections**

1.  No speaking objections or arguments are permitted in the presence of the jury.  Counsel shall state the specific legal ground(s) for the objection, and the court will rule based upon the ground(s) stated.  The court will permit counsel to argue the matter at the next recess.

2.  The court will not assume that any objection made also implies with it a motion to strike an answer that has been given.  Therefore, counsel who has made an objection, and who also wishes to have an answer stricken, shall also specifically move to strike the answer.

**H.  Closing Argument**

1.  Counsel may use visual aids in presenting the closing argument.  However, any proposed visual aids shall be shown to opposing counsel before closing argument.

FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.

IT IS SO ORDERED.

Dated:   March 24, 2022                                        _____

SENIOR  DISTRICT  JUDGE