UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CECIL ELKINS, JR., et al.,<br><br>                  **Plaintiffs**<br><br>                  v.<br><br>HIPOLITO PELAYO,<br><br>                  **Defendant** | CASE NO. 1:13-CV-1483 AWI SAB<br><br>**ORDER REGARDING ADDITIONAL PHASING OF TRIAL** |

      This is a civil rights lawsuit that stems from a fatal encounter between decedent Cecil Elkins, Jr. ("Elkins") and Defendant California Highway Patrol Officer Hipolito Pelayo ("Defendant"). Plaintiffs, who are the estate of Elkins and Elkins' family, seek damages under federal and state law arising out of the death of Elkins.[1] Currently pending before the Court is briefing that was ordered by the Court *sua sponte* regarding the possible bifurcation at trial of liability and damages. Plaintiffs agree that bifurcating liability from damages is appropriate, Pelayo argues otherwise. For the reasons that follow, the Court will "trifurcate" the issues in this cases as follows: liability and punitive liability, damages, and punitive damages.

---

[1] The parties are familiar with the facts of this case. A thorough recitation of the underlying facts can be found on the Court's order on Defendant's motion for summary judgment, Doc. No. 126.

*Plaintiffs' Position*

Plaintiffs contend that the Court has discretion to bifurcate liability and damages. There are numerous prejudicial aspects of Elkins's life and prior bad acts that Defendants are seeking to introduce to the jury, including criminal history (convictions and encounters) and drug use. While Plaintiffs argue that this evidence is highly prejudicial and immaterial, if the Court finds that any of it is admissible for damages, then to avoid prejudice during liability, the trial should be phased and liability should be separated from damages. Bifurcation would also avoid jury confusion and encourages settlement discussions in the event that liability is determined.

*Defendant's Position*

Pelayo contends that bifurcating liability and damages is not appropriate. Judicial economy is served by a single trial because witnesses will only be called once, and there will only be one opening, one closing, and one set of end of trial jury instructions. Further, prejudice will not be avoided because much of the evidence is relevant to damages and liability, including Elkins's criminal history and drug history. Pelayo was made aware of aspects of Elkins's criminal history during the briefing of November 13, 2012, and Elkins's criminal history and history of drug use makes Pelayo's version of events more likely. Pelayo also estimates that trifurcating could potentially extend the trial, instead of saving time.

*Legal Standard*

"For convenience, to avoid prejudice or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ." Fed. R. Civ. P. 42(b). Rule 42(b) clearly authorizes a district court to separate trials into liability and damages phases. Estate of Diaz v. City of Anaheim, 840 F.3d 592, 601 (9th Cir. 2016); De Anda v. City of Long Beach, 7 F.3d 1418, 1421 (9th Cir. 1993). District courts might also bifurcate a trial to "avoid[] a difficult question by first dealing with an easier, dispositive issue." Estate of Diaz, 840 F.3d at 601; Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001). Of course, avoiding the risk of prejudice is expressly authorized and readily recognized basis to separate a trial. See Estate of Diaz, 840 F.3d at 601; Quintanilla v. City of Downey, 84 F.3d 353, 356 (9th Cir. 1996).

*Discussion*

The Court agrees with Plaintiffs' position. The Court has resolved a number of motions in limine that involved evidence concerning *inter alia* Elkins's drug use, criminal history, and marital relationship. Contrary to Pelayo's position on these motions in limine, the Court has found that much of this evidence is relevant only to the issue of damages. The evidence that is admissible only to damages has the potential to be very inflammatory, embarrassing, and prejudicial to Plaintiffs as the jury considers issues of liability. Indeed, liability is sharply contested and largely hinges on whether Elkins reached for his waistband just before Pelayo fired his gun. Considering that none of the damages-evidence at issue would be presented to the jury if no liability is determined, bifurcating liability from damages would eliminate any potential prejudice during the liability phase.

Further, there are several witnesses whose only relevant testimony relates to damages, e.g. Plaintiffs Devin Elkins and Tina Terrell, and there are five Plaintiffs who can potentially recover damages. If damages and liability were bifurcated and a jury found no liability, Court time would be saved because the pure damages witnesses would never testify and dual liability and damages witnesses' testimony would have only been limited to liability related testimony.[2]

Considering the court time that could potentially be saved and the potentially substantial prejudicial effects from the damages-only-evidence that would be avoided, the Court finds that it is appropriate to bifurcate liability from damages. Cf. Estate of Diaz, 840 F.3d at 603 (holding that trial court reversibly failed to bifurcated liability from damages after already bifurcating punitive damages and considering that the "graphic and prejudicial evidence [at issue] about the victim has little, and in large part no, relevance to the liability issue . . . ."). With the bifurcation of liability from damages, this case will be conducted in three phases.

---

[2] Considering the rulings on the motions in limine, the Court is aware of only witness Jared Araujo and Plaintiffs Creasha Elkins, Dylan Elkins, and Valiecia Perez as being dual liability and damages witnesses. Recalling these three Plaintiffs during the damages phases is easily accomplished. Recalling Jared Araujo could involve more scheduling and thus, could be more difficult. However, the Court has found that only a few sentences from Araujo's deposition testimony is admissible during the liability phase. If the parties stipulated to reading the relevant portions of Araujo's deposition during the liability phase, then Araujo would only potentially need to be called to testify during the damages phase.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that, pursuant to Federal Rule of Civil Procedure 42(b), this case shall be "trifurcated" and proceed in the following three phases: (1) liability and punitive liability; (2) damages; and (3) punitive damages.

IT IS SO ORDERED.

Dated:   April 15, 2022                                  _____
                                                                                SENIOR  DISTRICT  JUDGE